Opinion
BERNSTEIN, J.
Introduction
The instant case presents the question of the constitutionality of unlimited consecutive sentences for persons convicted of multiple misdemeanors. Appellant argues, inter alia, that because Penal Code section[1] 1170.1[2] prohibits the general application of unlimited consecutive sentences *Supp. 15 to persons convicted of multiple felonies, the failure of the Legislature to extend the same sentencing limitations to convicted misdemeanants constitutes a violation of the equal protection clauses of the United States and California Constitutions. We agree, and remand for resentencing. Because *Supp. 16 the offenses in this case were “wobblers”, i.e., were offenses chargeable either as felonies or as misdemeanors, we limit our holding to such cases. We deal with the various contentions of the parties below.
Facts
Appellant, Charles Cornelius Powell, stands convicted on his plea of 13 counts of grand theft in violation of section 487, subdivision l.[3]
Section 489[4] declares grand theft to be a “wobbler,” i.e., an offense punishable as either a misdemeanor (with a maximum custodial sentence of one year in the county jail) or as a felony (state prison commitment of sixteen months, two years or three years; see § 18). Because the People chose to file the charges against appellant as misdemeanors, to which appellant offered no objection, the offenses were fixed as misdemeanors for all purposes pursuant to section 17, subdivision (b)(4).[5] The trial court sentenced appellant to six months in the county jail per count, the sentences to run consecutively. Thus, appellant presently faces as a condition of probation six and one-half years in the county jail. Following his release from jail, appellant would remain on probation for an additional six and one-half years.
Appellant’s Contentions
On this appeal, appellant posits two contentions. The first is that the sentence in the instant matter violates article I, section 17 of the California *Supp. 17 Constitution (the prohibition against cruel and unusual punishment). The second contention, though not clearly articulated by appellant, appears to be that the sentence constitutes a violation of the equal protection clause (art. I, § 7) of the state Constitution inasmuch as appellant asserts that he faces a lengthier period of confinement for his misdemeanor convictions than the maximum period of confinement he could lawfully have been sentenced to had the same charges been brought as felonies. Although we conclude that the cruel and unusual punishment argument advanced by appellant is devoid of merit, we are persuaded that state and federal constitutional equal protection guaranties require that appellant be resentenced.
The Sentence Does Not Constitute Cruel and Unusual Punishment Under Article I, Section 17 of the California Constitution
The state’s constitutional guaranty against imposition of cruel and unusual punishment has been construed most recently in People v. Dillon (1983) 34 Cal.3d 441 [194 Cal.Rptr. 390, 668 P.2d 697]. In Dillon, at pages 477-478, the California Supreme Court reaffirmed the rule, first adopted in In re Lynch (1972) 8 Cal.3d 410 at page 424 [105 Cal.Rptr. 217, 503 P.2d 921], that “a punishment may violate ... the Constitution if, although not cruel or unusual in its method, it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity [fn. omitted].”
Measured against the applicable standard, it cannot be said that appellant’s six-and-one-half-year jail term, imposed pursuant to his conviction on thirteen counts of grand theft, is “so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.” Thus, we reject this contention.
Appellant’s Sentence Violates the Equal Protection Clause of the California Constitution
Appellant argues that his six-and-one-half-year county jail commitment violates the state Constitution’s guaranty of equal protection of the law. This is so, according to appellant, because a sentence of that length could not, consistent with the provisions of section 1170.1, subdivision (a)[6] have been imposed upon him had the same charges been filed as felonies. Appellant variously calculates his maximum “felony” sentence to be between seven years and three years and two months. The People counter with *Supp. 18 their own set of calculations in which they arrive at a figure of nine years as representing appellant’s maximum permissible “felony” sentence.
The precise question presented here appears to be one of first impression, although several decisions, including one of this court (People v. Haendiges (1983) 142 Cal.App.3d Supp. 9 [191 Cal.Rptr. 785]), bear upon closely related issues. Despite the People’s contention that Haendiges, supra, is controlling and compels rejection of appellant’s challenge, we have concluded that neither Haendiges nor any other case has directly addressed the question of the constitutionality of misdemeanor jail sentences which exceed the statutory maximum term of confinement for the identical crimes when charged as felonies.[7]
Strong support for appellant’s argument is found in an opinion issued by the California Attorney General (63 Ops. Cal. Atty. Gen. 199 (1980)). The opinion deals with the question of unlimited consecutive sentencing for convicted misdemeanants found to be mentally disordered sex offenders, and for persons found not guilty of misdemeanor charges by reason of insanity. The Attorney General noted that for multiple felony convictions, section 1170.1 limited the maximum term of imprisonment which could be imposed. The opinion states: “On its face section 1170.1 is not applicable to misdemeanors. Penal Code section 669 provides that a court may order the sentences on multiple convictions to run concurrently or consecutively. The Supreme Court in People v. Carr (1936) 6 Cal.2d 227 held that Penal Code section 669 permitted a court to impose consecutive one year maximum jail terms for multiple misdemeanor convictions. (See Pen. Code, § 19a.) Accordingly, it appears that section 6316.1, subdivision (c) provides that the maximum length of each misdemeanor term is to be aggregated without limit to compute the ‘maximum term of commitment,’ despite the fact that under subdivision (a) of the same section multiple felony terms are computed on the basis of the Penal Code section 1170.1 formula.
*Supp. 19 “To accept this construction without limitation would lead to absurd and clearly unintended results in some cases. Take for example the case of an MDSO who has an underlying conviction on seven counts of unlawful intercourse, in violation of Penal Code section 261.5 which is punishable as either a felony (sixteen months, two years in state prison) or a misdemeanor (not more than one year in county jail) depending upon the recommendation of the jury. (See Pen. Code, §§ 18, 264.) Under the above interpretation of section 6316.1, if the MDSO were convicted of seven misdemeanor counts, his maximum term of commitment would be seven years (one year for each offense). However, if he were convicted of seven felony counts, his maximum term of [cojmmitment would be six years.” (Fn. omitted.) (Id., at p. 202, Italics added.)
The opinion further states: “There still remains the issue of whether there is any constitutional limit on the consecutive terms which a court could impose for multiple convictions where one or more of the offenses are misdemeanors. The principle of equal protection of laws guaranteed by both the state and federal Constitutions requires that persons similarly situated must receive like treatment under the law. (In re Moye, 22 Cal. 3d 457, 465-466; People v. Olivas (1976) 17 Cal.3d 236.) In People v. Olivas, supra, the court struck down a provision in the Welfare and Institutions Code which authorized the Youth Authority to maintain control over convicted misdemeanants committed to its care as youthful offenders for a period in excess of the maximum jail term permitted by statute for the offense or offenses committed. The court found the right to liberty to be a fundamental interest and that the state failed to establish a compelling interest justifying a statutory distinction which would permit a youthful offender to be subject to a longer period of confinement than a regular adult offender.

“In the case of an MDSO, we have seen that if section 6316.1 were construed literally without regard to constitutional limitations, in some cases an MDSO with underlying misdemeanor convictions would be subject to a longer maximum term of commitment than that to which he would have been subject had the crimes of which he was convicted been felonies. That interpretation clearly would violate the principle of equal protection of laws.

“However, that interpretation is not required. A statute is presumed constitutional and must be interpreted in harmony with constitutional requirements. (California Housing Finance Agency v. Elliott (1976) 17 Cal.3d 575, 594.) Section 6316.1, subdivision (c) limits the maximum term of commitment for multiple misdemeanors to the maximum ‘which could have been imposed’ by the court. Although the court in In re Eric J. stated that the one-third formula of Penal Code section 1170.1 was not applicable to misdemeanor sentences, and that courts have a certain amount of discretion *Supp. 20 with regard to choosing the length of a misdemeanor term up to the statutory maximum, it did not suggest that a court could constitutionally aggregate misdemeanor terms so that a defendant would receive a longer period of incarceration than had the crimes of which he was convicted been felonies. We also note that the court in In re Eric J. pointed out that an adult who received a misdemeanor sentence consecutive to a felony sentence would not be subject to a continuous period of confinement under the supervision of the same correctional agency. In the case of an MDSO commitment, the defendant is subject to a continuous period of confinement at a state hospital or other mental health facility irrespective of whether the underlying convictions are for felonies or misdemeanors. (See §§ 6316, 6325.1.) We conclude that the principle of equal protection of laws would preclude a court from sentencing a defendant to a continuous period of confinement in county jail on the basis of consecutive misdemeanor counts for a term longer than he would have received had the crimes of which he was convicted been felonies. The phrase, ‘which could be imposed,’ in section 6316.1 incorporates the same principle of equal protection into the computation of the maximum term of commitment by the Board.
“We conclude, therefore, that section 6316.1, when construed in light of the constitutional requirement of equal protection of laws, provides that when aggregating the terms of underlying misdemeanors to determine the maximum term of commitment, the Board must use the statutory maximum jail term for each misdemeanor offense. However, the maximum term of commitment may not exceed that which would obtain had the offenses of which the defendant was convicted been felonies. Thus, there is an upper limit on the maximum term of commitment in cases where one or more of several underlying offenses are misdemeanors. In the case of conviction for a misdemeanor where the offense has an alternate felony sentence, (see Pen. Code, % 17) an MDSO’s maximum term may not exceed the maximum term which he would have received had the crimes of which he was convicted been determined to be felonies rather than misdemeanors. In the case of misdemeanors with no alternative felony punishment, the MDSO’s maximum term may not exceed the maximum term which he would have received had the misdemeanors of which he was convicted been punishable as felonies under Penal Code section 18, i. e., with a minimum determinate sentence of sixteen months, two years or three years.” (Id., at pp. 205-207, italics added.)
The conclusion of the Attorney General was: “The maximum term of commitment within meaning of Welfare and Institutions Code section 6316.1 and Penal Code section 1026.5 with respect to misdemeanors is computed by adding the maximum jail term for each such misdemeanor to any maximum term of commitment for felonies as computed under those *Supp. 21 sections provided that the resulting maximum term of commitment may not exceed that which would result if the same misdemeanor offenses had been punished as felonies. For the purpose of determining such limit on the maximum term of commitment, those misdemeanor offenses which do not have alternative felony terms prescribed by law should be treated as if they had been a felony with punishment as prescribed by Penal Code section 18.” (Id., at p. 200, italics added.)
It must be observed that the present state statutory scheme for sentencing persons convicted of crimes would seem to permit the imposition of unlimited consecutive sentences for multiple convictions of misdemeanor offenses. In particular, section 19a provides as follows: “In no case shall any person sentenced to confinement in a county or city jail, or in a county or joint county penal farm, road camp, work camp, or other county adult detention facility, or committed to the sheriff for placement in any such county adult detention facility, on conviction of a misdemeanor, or as a condition of probation upon conviction of either a felony or a misdemeanor, or upon commitment for civil contempt, or upon default in the payment of a fine upon conviction of either a felony or a misdemeanor, or for any reason except upon conviction of more than one offense when consecutive sentences have been imposed, be committed for a period in excess of one year; provided, however, that the time allowed on parole shall not be considered as a part of the period of confinement.”
When enacted in 1933 (Stats. 1933, ch. 848, § 2, p. 2217), section 19a did not contain any language excepting “convictions of more than one offense when consecutive sentences have been imposed.” The statute was amended in 1957 to include this clarification (Stats. 1957, ch. 139, § 2, p. 734. However, even before the 1957 amendment, section 19a’s one-year maximum provision had been construed to mean one year per count in cases where multiple convictions had been suffered. (People v. Carr (1936) 6 Cal.2d 227, 228 [57 P.2d 489]; see, also, People v. Bailey (1983) 140 Cal.App.3d 828, 830 fn. 2 [189 Cal.Rptr. 918].)
It is plain that, prior to the enactment of the determinate sentencing law (hereinafter, DSL) (Stats. 1976, ch. 1139, § 273, p. 5140), the imposition of unlimited consecutive sentences for multiple misdemeanor convictions did not run afoul of any constitutional protections afforded criminal defendants. Felons could be similarly sentenced for multiple convictions under the provisions of section 669.[8] However, with the enactment of DSL, the Leg *Supp. 22 islature abolished such sentencing practices as to felons (except under certain specified circumstances, see, e.g., §§ 667.5, 667.6). In so doing, the Legislature “clearly indicated its intent that the aggregation provisions of Penal Code section 1170.1, which limit consecutive terms to one-third of the middle determinate term, apply only in imposing sentence for felonies.” (In re Eric J. (1979) 25 Cal.3d 522 at p. 537 [159 Cal.Rptr. 317, 601 P.2d 549].) Nevertheless, if a legislative action has the effect of denying to any person(s) rights secured under the federal or state Constitutions, it is of no moment that such denial may have in fact reflected the true intent of the Legislature. Thus, in Eric J., supra, the California Supreme Court held that the provisions of section 1170.1 limiting consecutive felony terms to one-third of the base term applied with equal force to a situation in which a defendant faced consecutive sentences for convictions of one felony and one misdemeanor. Accordingly, the Eric J. court treated the misdemeanor conviction as the “subordinate” term, and held that, as such, the term could not exceed one-third of the maximum sentence that could have been imposed had the misdemeanor alone been charged. (Id., 25 Cal.3d at pp. 536-538.) it is clear that, to the extent it applies, the Eric J. decision is supportive of appellant’s contention that unlimited consecutive sentencing of persons convicted of multiple misdemeanor offenses violates his right to equal protection of the law.[9]
*Supp. 23 Appellant’s Maximum “Felony” Sentence
Under section 1170.1, subdivision (a), subordinate terms for nonviolent felonies may not exceed five years, regardless of the number of such charges for which the defendant suffers conviction. Section 1170.1, subdivision (g)[10] (formerly § 1170.1, subd. (f)) further limits the total allowable period of confinement to twice the base term, absent certain conditions such as the imposition of any enhancements pursuant to section 12022, 12022.5, 12022.6, or 12022.7. Appellant was convicted of violation of section 487, subdivision 1 which, when tried as a felony, carries an upper term of three years. If appellant’s sentence is controlled by section 1170.1, subdivision (g), his maximum possible “felony” sentence would be limited to six years, or twice the base term.
However, the People argue that “the record before this court” establishes that several of the counts to which appellant pleaded guilty involved a “taking” in excess of $25,000. Thus, the People argue, the provisions of section 12022.6, subdivision (a),[11] are brought into play. Were we to accept this argument, its effect would be twofold: (1) it would add three years to appellant’s sentence pursuant to the operation of the one-year enhancement periods provided for by that subsection; and, (2) it would operate to remove the “twice the base term” restriction of section 1170.1, subdivision (g). The only remaining restriction on the length of appellant’s “sentence” would then be the five-year limit on subordinate terms provided for by section 1170.1, subdivision (a). Under these circumstances, appellant’s maximum “sentence” would be the sum of the base term (three years), the subordinate terms (five years), and the enhancement imposed pursuant to section 12022.6, subdivision (a) (one year), for a total of nine years. The *Supp. 24 People argue that “it would be unfair to the People to base any ruling that the instant sentence exceeds the maximum possible felony sentence on the absence of evidence that the section 12022.6 enhancement would apply.”
We reject the People’s proposition. Before the enhancement of a felony sentence pursuant to the provisions of section 12022.6, subdivision (a) may occur, the statute requires that “[t]he additional terms provided in this section shall not be imposed unless the facts of the taking, damage, or destruction in excess of the amounts provided in this section are charged in the accusatory pleading and admitted or found to be true by the trier of fact.” Further, “[a] section 12022.6 enhancement must be proven beyond a reasonáble doubt.” (People v. Kellett (1982) 134 Cal.App.3d 949, 958, fn. 2 [185 Cal.Rptr. 1].)
Appellant’s plea of guilty to the charged thefts does not constitute an admission that the amounts alleged in the various counts of the complaint are correct.[12]
 In a felony prosecution in which an enhanced sentence is sought, the defendant may choose to admit his guilt of the charge, but deny the allegations which would form the basis of the enhancement. If the prosecution still desires to seek an enhanced sentence, it must proceed to prove, beyond a reasonable doubt, that the pleaded facts justifying an enhanced sentence are true. The defendant in such a case may of course present evidence to the contrary. However, appellant herein, as a result of the People’s decision to institute only misdemeanor proceedings, has been afforded no opportunity to dispute the amounts alleged in the complaint. As stated, appellant’s plea did not operate as an admission that the amounts alleged in the complaint against him were true, because these amounts were neither admitted nor proven beyond a reasonable doubt. Section 12022.6 thus cannot form the basis of any increase in appellant’s sentence. Accordingly, we calculate appellant’s maximum “felony” sentence to be six years.
As to the period of probation imposed, since section 1203.1 governing probation in felony cases provides a maximum probationary period equivalent to the maximum permissible time of confinement as computed per section 1170.1, we hold that the maximum period of probation to which appellant could be subject is six years. We note that this holding creates no *Supp. 25 conflict between section 1203.1[13] governing felony probation and section 1203a governing misdemeanor probation as both sections limit the maxi-
*Supp. 26 mum period of probation to the maximum possible period of confinement which, in the instant case, is six years.
Finally, we note that the People express a valid concern over an “anomaly” they fear will be created by the instant holding: “Consecutive sentences on the most serious misdemeanor offenses, i.e., ‘wobblers,’ are to be limited . . . while consecutive sentences for the presumably less serious remaining misdemeanor offenses would remain unlimited.” Although the instant case involved “wobbler” offenses, it is quite clear that unlimited consecutive sentencing could not constitutionally be abolished for persons convicted of “wobblers” while remaining in force for persons convicted of other, less serious misdemeanors. Though we may only reach the question in dictum at this point, it appears that the solution to the problem is the one suggested by the California Attorney General at 63 Ops. Cal. Atty. Gen. 199, 207: “In the case of misdemeanors with no alternative felony punishment, the MDSO’s maximum term may not exceed the maximum term which he would have received had the misdemeanors of which he was convicted been punishable as felonies under Penal Code section 18, i.e., with a minimum determinate sentence of sixteen months, two years or three years.” (Id., atpp. 205-207.)
“For the purpose of determining such limit on the maximum term of commitment, those misdemeanor offenses which do not have alternative felony terms prescribed by law should be treated as if they had been a felony with punishment as prescribed by Penal Code section 18.” (Id., at p. 200.)
The judgment is modified as to sentence, and as modified, is affirmed. On remand the trial court is instructed to resentence defendant in accordance *Supp. 27 with the views expressed herein.
Reese, P. J., and Shabo, J., concurred.

Unless otherwise stated, all sections refer to the Penal Code.

Section 1170.1 provides as follows:
“(a) Except as provided in subdivision (c) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to Section 12022, 12022.3, 12022.5, 12022.6, 12022.7 or 12022.8. The subordinate term for each consecutive offense which is not a “violent felony” as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements. In no case shall the total of subordinate terms for such consecutive offenses which are not “violent felonies” as defined in subdivision (c) of Section 667.5 exceed five years. The subordinate term for each consecutive offense which is a “violent felony” as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8) of subdivision (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of any enhancements imposed pursuant to Section 12022, 12022.5 or 12022.7.
“(b) When a consecutive term of imprisonment is imposed under Sections 669 and 1170
*Supp. 15 for two or more conviction's for kidnapping, as defined in Section 207, involving both separate victims and separate occasions, the aggregate term shall be calculated as provided in subdivision (a), except that the subordinate term for each subsequent kidnapping conviction shall consist of the middle term for each kidnapping conviction for which a consecutive term of imprisonment is imposed and shall include one-third of any enhancements imposed pursuant to Section 12022, 12022.5, or 12022.7. The five-year limitation on the total of subordinate terms provided in subdivision (a) shall not apply to subordinate terms for second and subsequent convictions of kidnapping, as defined in Section 207, involving separate victims and separate occasions.
“(c) In the case of any person convicted of one or more felonies committed while such person is confined in a state prison, or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all such convictions which such person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years. The provisions of this subdivision shall be applicable in cases of convictions of more titan one offense in different proceedings, and convictions of more than one offense in the same or different proceedings.
“(d) When the court imposes a prison sentence for a felony pursuant to Section 1170 the court shall also impose the additional terms provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7, unless the additional punishment therefore is stricken pursuant to subdivision (g). The court shall also impose any other additional term which the court determines in its discretion or as required by law shall run consecutive to the term imposed under Section 1170. In considering the imposition of such additional term, the court shall apply the sentencing rules of the Judicial Council.
“(e) When two or more enhancements under Sections 12022, 12022.5, and 12022.7 may be imposed for any single offense, only the greatest enhancement shall apply; however, in cases of robbery, rape or burglary, or attempted robbery, rape or burglary the court may impose both (1) one enhancement for weapons as provided in either Section 12022 or 12022.5 and (2) an enhancement for great bodily injury as provided in Section 12022.7.
“(f) The enhancements provided in Sections 667.5, 667.6, 12022, 12022.1, 12022.3, 12022.5, 12022.6, 12022.7, and 12022.8 shall be pleaded and proven as provided by law.
“(g) The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a “violent felony” as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7 or the defendant stands convicted of felony escape from an institution in which he is lawfully confined.
“(h) Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7 if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment.
“(i) For any violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or sodomy dr oral copulation by force, violence, duress, menace or threat of great bodily harm as provided in Section 286 or 288a, the number of enhancements which may be imposed shall not be limited, regardless of whether such enhancements are pursuant to this or some other section of law. Each of such enhancements shall be a full and separately served enhancement and shall not be merged with any term or with any other enhancement. ”

Section 487, subdivision 1 at the time in question provided as follows: “Grand theft is theft committed in any of the following cases: [1] 1. When the money, labor or real or personal property taken is of a value exceeding four hundred dollars ($400); provided, that when domestic fowls, avocados, olives, citrus or deciduous fruits, other fruits, vegetables, nuts, artichokes, or other farm crops are taken of a value exceeding one hundred dollars ($100); provided, further, that when fish, shellfish, mollusks, crustaceans, kelp, algae, or other aquacultural products are taken from a commercial or research operation which is producing that product, of a value exceeding one hundred dollars ($100); provided, further, that where the money, labor, real or personal property is taken by a servant, agent or employee from his principal or employer and aggregates four hundred dollars ($400) or more in any 12 consecutive month period, then the same shall constitute grand theft.”

Section 489 provides as follows: “Grand theft is punishable by imprisonment in the county jail for not more than one year or in the state prison.”

Section 17, subdivision (b)(4) provides as follows: “(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [f] (4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint.”

See footnote 2.

Haendiges involved “several offenses relating to his driving under the influence of drugs and alcohol, or both.” (142 Cal.App.3d Supp. 9). The Haendiges court cited as “binding precedent” two cases: People v. Fowler (1980) 109 Cal.App.3d 557 [167 Cal.Rptr. 235], and In re Eric J. (1979) 25 Cal.3d 522 [159 Cal.Rptr. 317, 601 P.2d 549]. Fowler concerned two concurrent misdemeanor sentences which were to be served consecutively to a state prison commitment which had been imposed for a separate felony conviction. The two misdemeanor convictions were for offenses (§ 192, subd. 3(a)) which could have been prosecuted as felonies under section 193, subdivision (c), and, as such, would have carried sentences of sixteen months, two years or three years. Fowler had received the middle term of two years for her felony conviction. Thus, the total time in custody to which Fowler was sentenced was three years. Had the “wobbler” charges been prosecuted as felonies, Fowler could have received a maximum sentence of three years and four months. Clearly, Fowler has no application whatever to the issues presented by the instant case. The effect of In re Eric J. is discussed elsewhere in this opinion.

Section 669, prior to its amendment in 1978 to bring it in line with the provisions of the then newly enacted DSL, read as follows: “When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other *Supp. 22 subsequent judgment shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently, or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be; provided, however, if the punishment for any of said crimes is expressly prescribed to be life imprisonment, whether with or without possibility of parole, then the terms of imprisonment on the other convictions, whether prior or subsequent, shall be merged and run concurrently with such life term. In the event that the court at the time of pronouncing the second or other judgment upon such person had no knowledge of a prior existing judgment or judgments, or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon such failure so to determine, or upon such prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 6Ó days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of such notice, determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment. Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently.
“The State Board of Prison Directors shall advise the court pronouncing the second or other subsequent judgment of the existence of all prior judgments against the defendant, the terms of imprisonment upon which have not been completely served.”

The People correctly argue that the Eric J. decision was not based upon a finding of a denial of equal protection. However, the equal protection issue in Eric J. hinged upon the court’s determination in that case that juveniles confined pursuant to the sustaining of a juvenile.court petition, and adults confined pursuant to criminal process, were not “similarly situated” for purposes of equal protecdon analysis. The Eric J. court found that the two groups were not confined for the saifie purpose [punishment is the declared purpose of *Supp. 23 confining adults (§ 1170, subd. (a)(1)) whereas rehabilitation is the declared purpose of confining juveniles], and, moreover, that juveniles did not possess the fundamental liberty interest of adults. Thus, no violation of equal protection was found by the Eric J. court. On the other hand, the instant case necessitates a contrary finding. Felons and misdemeanants are confined for the same purpose, and both have identical fundamental liberty interests. Thus, the People suggest, the equal protection portion of Eric J. has no applicability to the instant case. We agree. Our discussion of Eric J. is merely for the purpose of illustrating that the “exclusive” application of section 1170.1 to felonies is not an absolute, regardless of what the legislative intent may have been. We do not suggest that Eric J. itself constitutes authority for our holding that equal protection guaranties require an end to unlimited consecutive sentencing in misdemeanor prosecutions so long as the Legislature has seen fit to so limit consecutive sentencing in felony prosecutions. Neither Eric J., nor, to our knowledge, any other post-DSL case addresses this question.

See footnote 2.

 “Any person who takes, damages or destroys any property in the commission or attempted commission of a felony, with the intent to cause such taking, damage or destruction, and the loss exceeds: [1] (a) Twenty-five thousand dollars ($25,000), the court shall in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted impose an additional term of one year.”

The only “amount” admitted by the guilty plea is that the takings exceeded the statutory minimum required for grand (as opposed to petty) theft. See section 487, subdivision 1.

Section 1203.1 provides as follows: “The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, except as hereinafter set forth, and upon such terms and conditions as it shall determine. The court, or judge thereof, in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case; provided, however, that where the maximum possible term of such sentence is five years or less, then such period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years; may fine the defendant in such sum not to exceed the maximum fine provided by law in such case; or may in connection with granting probation, impose either imprisonment in county jail, or fine, or both, or neither, shall provide for restitution in proper cases; and may require bonds for the faithful observance and performance of any or all of the conditions of probation.
“The court shall consider whether the defendant as a condition of probation shall make restitution to the victim or the Indemnity Fund if assistance has been granted to the victim pursuant to Article 1 (commencing with Section 13959) of Chapter 5 of Part 4 of Division 3 of Title 2 of the Government Code.' Any restitution payment received by a probation department in the form of cash or money order shall be forwarded to the victim within 30 days from the date the payment is received by the department. Any restitution payment received by a probation department in the form of a check or draft shall be forwarded to the victim within 45 days from the date the payment is received by the department. In cases where the court has ordered the defendant to pay restitution to multiple victims and where the administrative cost of disbursing restitution payments to multiple victims involves a significant cost, any restitution payment received by a probation department shall be forwarded to multiple victims when it is cost effective to do so, but in no event shall restitution disbursements be delayed beyond 90 days from the date the payment is received by the probation department. In counties or cities and counties where road camps, farms, or other public work is available the court may place the probationer in such camp, farms, or other public work instead of in jail, and Section 25359 of the Government Code shall apply to probation and the court shall have the same power to require adult probationers to work, as prisoners confined in the county jail are required to work, at public work as therein provided; and supervisors of the several counties are hereby authorized to provide public work and to fix the scale of compensation of such adult probationers in their respective counties. In all cases of probation the court is authorized to require as a condition of probation that the probationer go to work and earn money for the support of his or her dependents or to pay any fine imposed or reparation condition, to keep an account of his or her earnings, to report the same to the probation officer and apply such earnings as directed by the court.
“In all such cases if as a condition of probation a judge of the superior court sitting by authority of law elsewhere than at the county seat requires a convicted person to serve sentence at intermittent periods such sentence may be served on the order of the judge at the city jail nearest to the place at which the court is sitting, and the cost of his or her maintenance shall be a county charge.
“The court may impose and require any or all of the above-mentioned terms of imprisonment, fine and conditions and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from such breach and generally and specifically for the reformation and rehabilitation of the probationer, that should the probationer violate any of the terms or conditions imposed by the court in the instant matter, it shall have authority to modify and change any and all such terms and conditions and to reimprison the probationer in the county jail within the limitations of the penalty of the public offense involved. Upon the defendant being released from the county jail under the terms of probation as originally granted or any modification subsequently made, and in all cases where confinement in a county jail has not been a condition of the grant of pro *Supp. 26 bation, the court shall place the defendant or probationer in and under the charge of the ' probation officer of the court, for the period or term fixed for probation; provided, however, that upon the payment of any fine imposed and the fulfillment of all conditions of probation, probation shall cease at the end of the term of probation, or sooner, in the event of modification. In counties and cities and counties in which there aré facilities for taking fingerprints, such marks of identification of each probationer must be taken and a record thereof kept and preserved.
“Any other provision of law to the contrary notwithstanding, all fines collected by a county probation officer in any of the courts of this state, as a condition of the granting of probation, or as a part of the terms of probation, shall be paid into the county treasury and placed in the general fund, for the use and benefit of the county.
“If the court orders restitution to be made to the victim, the board of supervisors may add a fee to cover the actual administrative cost of collecting restitution but not to exceed 2 percent of the total amount ordered to be paid. The fees shall be paid into the general fund of the county treasury for the use and benefit of the county.
“This section shall remain in effect only until January 1, 1989, and as of that date is repealed, unless a later enacted statute which is chaptered before January 1, 1989, deletes or extends that date. ”