[No. B016161. Second Dist., Div. Six. Mar. 5, 1986.]

In re STEVEN VALENTI on Habeas Corpus.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

472

**COUNSEL**

Dennis A. Fischer for Petitioner.

Kenneth I. Clayman, Public Defender (Ventura), and Gary R. Nichols, Deputy Public Defender, as Amici Curiae on behalf of Petitioner.

Michael D. Bradbury, District Attorney, and Michael D. Schwartz, Deputy District Attorney, for Respondent.

**OPINION**

**ABBE, J.**—In this petition we consider whether a person who is convicted of multiple misdemeanor offenses has the right to have the sentence for each consecutive charge conform to the limitations specified in the Penal Code for sentences on consecutive felonies.

On January 18, 1983, appellant was found guilty by a jury of three counts of violating the Aeronautics Act. (Pub. Util. Code, §§ 21403, subd. (a), 21407, and 21409.) On February 9, 1983, the trial court found petitioner to be in violation of probation. Valenti was then sentenced on the following misdemeanor matters: (1) case number 121486, 180 days in county jail for a July 21, 1981 drunk driving conviction; (2) case number 275493-5, one-year for an August 12, 1982 drunk driving conviction to run consecutive to the sentence imposed in case number 121486; (3) case number 228906-4, 180 days for an August 6, 1982 conviction for wilful failure to appear arising from traffic violations to run consecutive to case number 275493-5; (4) case number 43088, 180 days for a January 5, 1983 conviction for petty theft to run consecutive to case number 228906-4; and (5) case number 42259, one year for his violations of the Aeronautics Act, consecutive to case number 43088. The court imposed an additional 180-day concurrent sentence for violation of probation on a prior conviction of being a minor in possession of alcohol. The total length of these sentences is three and one-half years, less credit for time served.

On appeal petitioner argues that the sentence imposed was disproportionate, irregular, and consequently unconstitutional. This assertion was rejected by the appellate department of the superior court, and the imposition of consecutive sentences was affirmed.

On June 27, 1985, a petition for a writ of habeas corpus was filed in the Ventura County Superior Court. Petitioner attacked the constitutionality of the three and one-half year sentence as violating his equal protection rights in that the principal/subordinate term limitations imposed by Penal Code section 1170.1 upon the length of felony sentences were unavailable as a bar to unlimited consecutive sentencing for misdemeanor sentences.[1] On July 25, 1985, the petition was denied by the superior court.

On September 27, 1985, a petition for a writ of habeas corpus was denied by this court. Petitioner sought relief from the Supreme Court. On November 20, 1985, the Supreme Court granted review and transferred the matter to this court with directions to issue an order to show cause. We did so.

Petitioner contends that, were he to have committed a series of felonies, all the subordinate terms imposed consecutively to the principal offense would have been calculated at one-third of the base term otherwise prescribed by law; and that the maximum permissible term for all offenses would not have exceeded twice the base term imposed for the principal offense. (See Pen. Code, § 1170.1, subdivisions (a) and (g).) He argues that

---

[1] All further statutory references are to the Penal Code, unless otherwise noted.

misdemeanants are denied equal protection of law in that, unlike felons, they do not receive the benefits of the above restrictions on sentencing. (*In re Eric J.* (1979) 25 Cal.3d 522, 537-538 [159 Cal.Rptr. 317, 601 P.2d 549]; *People* v. *Powell* (1985) 166 Cal.App.3d Supp. 12, 22 [212 Cal.Rptr. 454].)

It is petitioner's position that there is no compelling state interest that would be advanced by reason of the court's refusal to apply the limitations on sentencing contained in Section 1170.1 to misdemeanants. (*People* v. *Olivas* (1976) 17 Cal.3d 236, 251 [131 Cal.Rptr. 55, 551 P.2d 375].)

According to petitioner's calculations, if each of the subordinate offenses were treated as carrying one-third of the maximum prescribed jail term, petitioner's sentence would be one year and ten months; if twice the base term limitation formula were used, the maximum sentence would be two years.

I*

LACHES

. . . . . . . . . . . . . . . . . . . . . .

II.

EQUAL PROTECTION

■■ ■■■ A measure which is found to adversely affect a "fundamental right" will be subject to the strict scrutiny test. (*Sail'er Inn Inc.* v. *Kirby* (1971) 5 Cal.3d 1, 16-17 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351].)[2] Under this test, the state must establish that it has a compelling interest which justifies the law and that the distinctions created by the law are necessary to further some governmental purpose. (*Westbrook* v. *Mihaly* (1970) 2 Cal.3d 765, 784-785 [87 Cal.Rptr. 839, 471 P.2d 487].) ■ A meritorious claim under the equal protection clause requires "a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." (*In re Eric J., supra,* 25 Cal.3d 522, 530.)

---

*See footnote, page 470, *ante.*

[2]The right to personal freedom is a fundamental interest. (*People* v. *Olivas, supra,* 17 Cal.3d at p. 251.) Legislation, such as that under review, serves to impair the right to freedom requires that we apply the strict scrutiny standard. (*People* v. *Saffell* (1979) 25 Cal.3d 223, 228 [157 Cal.Rptr. 897, 599 P.2d 92].)

■ Petitioner contends that misdemeanants and felons are similarly situated in that both classes of inmates are punished for crimes that they have committed (§ 1170, subd. (a)(1).) There is little doubt that in terms of confinement, at least from the vantage point of the prisoner, the loss of liberty is equally drastic regardless of one's being an inmate of a county jail or an inmate of a state prison. (*People* v. *Powell, supra,* 166 Cal.App.3d Supp. at p. 22, fn. 9.) There is, however, a significant difference in the quality and duration of punishment, as well as in resultant long-term effects, which are brought about by a conviction for a felony as opposed to that for a misdemeanor. (*People* v. *Ross* (1985) 165 Cal.App.3d 368, 378 [211 Cal.Rptr. 595].)

■ When a misdemeanant has finished serving his sentence, he leaves with neither further obligation nor disability. The conviction for a misdemeanor involves no further loss of civil rights. (*Newland* v. *Board of Governors* (1977) 19 Cal.3d 705, 712 [139 Cal.Rptr. 620, 566 P.2d 254].) Not so for the typical felon: he will generally spend the three years following his release from prison in the "constructive" custody of the Department of Corrections (§§ 3000, 3056; *In re Caudillo* (1980) 26 Cal.3d 623, 636 [164 Cal.Rptr. 692, 610 P.2d 1021]) and may be reimprisoned were he to violate the terms of parole. (§ 3057; *In re Philpott* (1985) 163 Cal.App.3d 1152 [210 Cal.Rptr. 95].)

A felon is uniquely burdened by a diverse collection of statutorily imposed disabilities long after his release from prison. (*Sovereign* v. *People* (1983) 144 Cal.App.3d 143, 148 [192 Cal.Rptr. 469]; Note, *The Revolving Door: The Effect of Employment Discrimination Against Ex-Prisoners* (1975) 26 Hastings L. J. 1403, 1432.) For example, he is denied the right to vote during the period of his parole. (Cal. Const., art. II, § 4; Elec. Code, §§ 701, 707.) Moreover, a felon may not ". . . engage in certain businesses (Bus. & Prof. Code, § 480); must register with local law enforcement authorities if his offense related to certain sex charges (§ 290; but see *In re Reed* (1983) 33 Cal.3d 914 [191 Cal.Rptr. 658, 663 P.2d 216]); loses the right to possess arms (§ 12021); and, if he testifies in court, may be impeached on the basis of his prior felony conviction (Evid. Code, § 788). . . ." (*Ayala* v. *Superior Court* (1983) 146 Cal.App.3d 938, 944 [194 Cal.Rptr. 665].)

Petitioner does not claim that the term imposed upon him by the municipal court was unjust. ■ Petitioner's demonstrated pattern of disdain for the laws of society is manifest from the record before this court. The state has a compelling interest to protect its law abiding citizens by discouraging the criminal element from repeatedly violating its laws. (*In re Greenwood* (1978) 87 Cal.App.3d 777, 784 [151 Cal.Rptr. 223]; see also, *Rummel* v.

*Estelle* (1980 445 U.S. 263, 282-285 [63 L.Ed.2d 382, 396-398, 100 S.Ct. 1133].) We conclude that the governmental objectives of section 1170.1 are inapplicable to this case.

■ Our conclusion finds support in *People* v. *Fowler* (1980) 109 Cal.App.3d 557 [167 Cal.Rptr. 235]. The court in *Fowler* held that section 1170.1 applied solely to imposition of sentences for felonies and was not available to reduce the sentence of two concurrent misdemeanor sentences that were to be served consecutively to a separate felony conviction. (*Id.* at p. 567.)

Subsequently, the appellate department of the Los Angeles Superior Court stated, by way of dicta, that consecutive misdemeanor terms may be limited by section 1170.1. (*People* v. *Powell, supra,* 166 Cal.App.3d Supp. at p. 26.) The *Powell* case is not persuasive, because it fails to consider the constitutional and public policy issues discussed herein.

The petition for writ of habeas corpus is denied and the order to show cause is discharged.

Stone, P. J., and Gilbert, J., concurred.

Petitioner's application for review by the Supreme Court was denied June 5, 1986.