[No. D012392. Fourth Dist., Div. One. June 13, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES A. HIBBARD, Defendant and Appellant.

[No. D013298. Fourth Dist., Div. One. June 13, 1991.]

In re JAMES A. HIBBARD on Habeas Corpus.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I, II and III.

146

**COUNSEL**

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharopoulos and Keith I. Motley, Deputy Attorneys General, John W. Witt, City Attorney, Stuart H. Swett, Chief Deputy City Attorney, and Elisa Ann Cusato, Deputy City Attorney, for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—James A. Hibbard appeals a judgment imposing a consecutive sentence after his conviction for violating Penal Code[2] section 4532, subdivision (a) (nonviolent escape from honor camp while confined for a misde-

[2]All statutory references are to the Penal Code unless otherwise specified.

meanor). By this appeal and in a companion writ petition,[3] he challenges the imposition of a 10-year term composed of consecutive sentences for 12 alcohol- and drug-related traffic misdemeanors in the earlier sentencing which he was serving when he escaped. He claims this lengthy composite term violates equal protection, because his total consecutive misdemeanor term exceeds the maximum sentence he could have received had he been sentenced pursuant to section 1170.1 for an equal number of nonviolent felonies, assuming each was subject to the sixteen-month, two-year, three-year sentencing framework set forth in section 18.

For the reasons which follow, we find Hibbard's consecutive misdemeanor sentencing did not deny him equal protection of the laws. We deny the petition for habeas corpus, dismiss so much of the appeal which purports to appeal from the misdemeanor consecutive sentencing and affirm the judgment, remanding with directions to correct the abstract of judgment.

I-III*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

IV

Hibbard's petition for habeas corpus challenges the length of the consecutive terms imposed for his misdemeanor sentences, claiming fully consecutive sentencing denies him equal treatment with felons whose total consecutive sentence term for multiple nonviolent "generic" felonies would be limited by the formula stated in section 1170.1, subdivision (a). That section limits each nonviolent consecutive term to one-third the principal term imposed with the total of consecutive terms limited to twice the base term or five years, whichever is the lesser. (§ 1170.1, subds. (a), (g).) The limitations in section 1170.1, subdivision (a) expressly apply only to a chain of sentences which includes felony offenses. (§ 1170.1, subd. (a).)

Hibbard's scofflaw conduct has existed without interruption since his first drunk driving conviction in 1972. He was convicted fifteen additional times for drunk driving and related offenses as well as for grand theft, before receiving consecutive misdemeanor sentences after a consolidated trial resulted in three additional drunk driving convictions, each with four alleged priors (Veh. Code, § 23152, subd. (a)); three convictions for driving on

---

[3]Both matters have been considered concurrently and have been consolidated for purposes of disposition.

*See footnote, *ante*, page 145.

suspended license, each with two alleged priors (Veh. Code, § 14601.2, subd. (a)); four convictions for giving false information to a law enforcement officer (Veh. Code, § 31); and two convictions for being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)).

In January 1987, when Hibbard received his multiple consecutive misdemeanor sentences, none could have been charged as felonies. However, Hibbard refers us to the later 1988 amendment to Vehicle Code section 23175 which created "wobbler" status for drunk driving within seven years of three or more drunk driving convictions, with a maximum prison term of three years. Thus, were Hibbard to now be convicted of a felony pursuant to Vehicle Code section 23175, his conviction for the drunk driving with four priors could not exceed a three-year prison term plus a total subordinate term of three years for the remaining convictions, whether charged as felonies or misdemeanors.

Hibbard does not contend the "wobbler" amendment to Vehicle Code section 23175 is retroactive. He cites it only to bolster his claim he is being treated constitutionally unequally by being forced to serve a longer term for fully consecutive misdemeanor sentences than he might have served if he had been charged after January 1, 1989, and tried on the latest charges as felonies.[6]

Hibbard's argument is based on the inherent denial of equal protection to all consecutively sentenced nonviolent misdemeanants, whether charged with "wobblers" or not. He argues by not applying section 1170.1 limitations to consecutive sentencing multiple misdemeanants can and will be sentenced to a longer period of incarceration than a multiple felon who commits the same or more egregious nonviolent crimes, thus violating equal protection principles. He cites *People* v. *Powell* (1985) 166 Cal.App.3d Supp. 12 [212 Cal.Rptr. 454], where the court reviewed a case in which the People's election to file "wobbler" offenses as misdemeanors resulted in the defendant receiving a greater term of incarceration than he could have received were he sentenced as a felon for those identical offenses. On those facts, the court concluded equal protection required the subordinate term limitations of section 1170.1, subdivision (a) be applied to "wobblers" when aggregate misdemeanor terms would otherwise exceed the maximum permitted if they had been sentenced as felonies.

Hibbard recognizes *Powell* reviewed different facts, but relies on its dictum: "[I]t is quite clear that unlimited consecutive sentencing could not constitutionally be abolished for persons convicted of 'wobblers' while

---

[6]Nor does he argue his sentence is not commensurate with his criminal culpability.

remaining in force for persons convicted of other, less serious misdemeanors." (*People v. Powell, supra,* 166 Cal.App.3d at p. Supp. 26.) This view was considered and rejected in the context of consecutive sentences for straight misdemeanors in *In re Valenti* (1986) 178 Cal.App.3d 470 [224 Cal.Rptr. 10]. There, the court found this dicta not persuasive because it fails to consider constitutional and public policy issues. (*Id.* at p. 476.)

In *Valenti,* the court concluded misdemeanants and felons are not similarly situated because of differences in the quality and duration of punishment, as well as long-term effects brought about by a felony conviction as opposed to those for a misdemeanor. (*Id.* at p. 475; *People v. Ross* (1985) 165 Cal.App.3d 368, 371 [211 Cal.Rptr. 595].) "A felon is uniquely burdened by a diverse collection of statutorily imposed disabilities long after his release from prison." (*In re Valenti, supra,* 178 Cal.App.3d at p. 475; *Sovereign v. People* (1983) 144 Cal.App.3d 143, 148 [192 Cal.Rptr. 469].)[7] On the other hand, when misdemeanants conclude their sentences there is no further obligation nor loss of civil rights. (*Newland v. Board of Governors* (1977) 19 Cal.3d 705, 712 [139 Cal.Rptr. 620, 566 P.2d 254].) Further, the state has a compelling interest to protect its law-abiding citizens by discouraging the criminal element from repeatedly violating its laws. (*In re Greenwood* (1978) 87 Cal.App.3d 777, 784 [151 Cal.Rptr. 223].)

Although there is facial appeal to Hibbard's argument, we conclude it fails. He does not suggest he is willing to accept the disabilities pertaining to his being sentenced as a felon for drunk driving, nor that there is any legal mechanism to impose felony postrelease obligations on him for those convictions. Thus, Hibbard asks to be treated as a felon for the purpose of curtailing his jail sentence term, but to be considered a misdemeanant for postrelease purposes and for placement in jail, rather than prison, to serve that term.[8]

Because Hibbard is not similarly situated with that class of persons who could elect to be treated as felons after the effective date of the 1988 amendment to Vehicle Code, section 23175 his sentencing does not violate his right to equal protection of the laws.

---

[7]Included among the statutorily imposed disabilities, a felon is denied the right to vote during the period of parole (Cal. Const., art. II, § 4; Elec. Code, §§ 701, 707); may not engage in certain businesses (Bus. & Prof. Code, § 480); and loses the right to possess arms (§ 12021). (See *In re Valenti, supra,* 178 Cal.App.3d at p. 475.)

[8]For the purpose of our analysis it is irrelevant that Hibbard achieved felony status by virtue of his escape and potentially because of the grand theft charge for which he had been placed on probation.

## DISPOSITION

The petition for habeas corpus is denied, that portion of the appeal purporting to address the constitutionality of sentencing which could have been addressed in Hibbard's final earlier appeal is dismissed, and the judgment is affirmed. The matter is remanded solely to permit the superior court to modify the abstract of judgment by striking its reference to Hibbard's sentencing running consecutive to case No. CR80482.

Kremer, P. J., and Todd, J., concurred.