# NO. 12-13-00144-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS DEPARTMENT OF PUBLIC SAFETY,*<br>*APPELLANT* | *§* | *APPEAL FROM THE* |
| | *§* | *COUNTY COURT AT LAW* |
| *V.* | | |
| *JASON DORSETT,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety appeals the trial court's order overruling the denial of Jason Dorsett's application for a concealed handgun license. In one issue, the DPS argues that the trial court applied the wrong federal statute in reaching its decision. We reverse and render.

## BACKGROUND

Jason Dorsett applied for a concealed handgun license (CHL). However, Dorsett had been convicted of battery of his spouse in California in 1997. The DPS denied Dorsett's application, determining that he was ineligible for a CHL because federal law prohibits any person convicted of a misdemeanor crime of domestic violence from possessing a firearm. Dorsett requested a hearing in justice court, and that court overruled DPS's denial of the application.[1] The DPS sought a trial de novo in the county court at law of Anderson County,[2]

---

[1] *See* TEX. GOV'T CODE ANN. § 411.180(a) (West 2012) (providing that when the DPS denies an application for a CHL, the applicant may request a hearing in the justice court, with the court acting as an administrative hearing officer).

[2] *See id.* § 411.180(e) (providing that the party adversely affected by the justice court's ruling may appeal its determination by filing a petition in the county court at law for a trial de novo).

reiterating that Dorsett is not eligible for a CHL because of his previous conviction of a misdemeanor crime of domestic violence.

Dorsett filed a document explaining that he was qualified to purchase and own a handgun, that his previous offense was not considered a misdemeanor crime of domestic violence according to federal law, and that his civil right to "bear arms" had been restored by the State of California. By letter order, after a hearing, the trial court overruled DPS's denial of Dorsett's application. The court found that Dorsett's previous conviction was a misdemeanor crime of domestic violence. But the court stated further that according to federal law, any conviction for which a person has had civil rights restored shall not be considered a conviction for purposes of disqualifying a person from possessing a firearm. The court also found that the right to possess a firearm is a civil right and that Dorsett's "civil right to possess a firearm was restored without limitation by operation of California law after the expiration of ten years from the conviction." The DPS timely filed its notice of appeal to this court. Dorsett did not file a brief.

## ELIGIBILITY FOR CONCEALED HANDGUN LICENSE

In its sole issue, the DPS argues that the trial court erred in determining that Dorsett was qualified under federal law for a CHL. More specifically, DPS contends that the trial court applied the wrong statute in determining Dorsett's qualification for possessing a firearm under federal law. DPS also argues that Dorsett did not lose his civil rights as a result of the conviction and, thus, his civil rights were not restored under federal law.

## Eligibility for a CHL

A person is eligible for a CHL if the person is fully qualified under applicable federal and state law to purchase a handgun. TEX. GOV'T CODE ANN. § 411.172(a)(9) (West 2012). Under federal law, it is unlawful for any person who has been convicted in any court of a misdemeanor crime of domestic violence to ship, transport, possess, or receive any firearm or ammunition. 18 U.S.C. § 922(g)(9) (West, Lexis current through PL 113-163, approved Aug. 8, 2014). As relevant to this case, a "misdemeanor crime of domestic violence" is a misdemeanor under federal, state, or tribal law and has, as an element, the use or attempted use of physical force or the threatened use of a deadly weapon, committed by a current spouse. 18 U.S.C. § 921(a)(33)(A) (West, Lexis current through PL 113-163, approved Aug. 8, 2014).

2

Under California law, a battery is any willful and unlawful use of force or violence upon the person of another. CAL. PENAL CODE § 242 (Deering, Lexis through ch. 187 of 2014 Reg. Sess. of 2013-2014 Legis. Sess.). Battery is a misdemeanor if the judgment of conviction imposes a punishment of a fine or imprisonment in the county jail. CAL. PENAL CODE § 17(a), (b) (Deering, Lexis through ch. 187 of 2014 Reg. Sess. of 2013-2014 Legis. Sess.). Any person who has been convicted of a misdemeanor violation of Section 242 (battery) and who, within ten years of the conviction, owns, purchases, receives, or has in his possession or under his custody or control, any firearm is guilty of a public offense. CAL. PENAL CODE § 29805 (Deering, Lexis through ch. 187 of 2014 Reg. Sess. of 2013-2014 Legis. Sess.) (continued former § 12021(c)(1) applicable in 1997 without substantive change).

**Nature of Conviction**

At trial, Dorsett stipulated that he was convicted of the offense of battery in California in 1997, that the victim of the offense was his spouse at the time, and that he was sentenced to ten days of imprisonment in the county jail and thirty-six months of community supervision. Because Dorsett's punishment included imprisonment in the county jail, he committed a misdemeanor under California law. *See* CAL PENAL CODE § 17(a), (b). Because the offense is a misdemeanor under California law, the use of force or violence is an element of the offense, and the offense was committed by a current spouse, we agree with the trial court that Dorsett's conviction is for a misdemeanor crime of domestic violence pursuant to federal law. *See* 18 U.C.S. § 921(a)(33)(A). Therefore, federal law prohibits Dorsett from possessing a firearm unless an exception applies. *See* 18 U.S.C. § 922(g)(9).

**Applicable Exception**

Title 18, Section 921, prescribes the definitions for certain terms "as used in [Title 18, Chapter 44]," which pertains to firearms and includes the statutes that are at issue in this case. *See* 18 U.S.C. § 921(a)(1)-(a)(35) (West, Lexis current through PL 113-163, approved Aug. 8, 2014). Subsection (a)(33) defines "misdemeanor crime of domestic violence" and specifies the circumstances under which "[a] person shall not be considered to have been convicted of such an offense. . . ." *See* ***id.*** § 921(a)(33)(A), (B)(ii) (West, Lexis current through PL 113-163, approved Aug. 8, 2014). Those circumstances include when "the person . . . has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the . . . restoration of civil rights expressly provides that the person may not

ship, transport, possess, or receive firearms." *See id.* § 921(a)(33)(B)(ii). In considering Dorsett's application for a CHL, the DPS applied subsection (a)(33) and concluded that his conviction did not fall within the "civil rights restored" exception. The trial court, however, concluded that subsection (a)(20) applies.

Subsection (a)(20) defines "crime punishable by imprisonment for a term exceeding one year." *See id.* § 921(a)(20) (West, Lexis current through PL 113-163, approved Aug. 8, 2014). This subsection also includes a "civil rights restored" exception, but it does not include the "law of the applicable jurisdiction" parenthetical found in subsection (a)(33)(B)(ii). *Compare* 18 U.S.C. § 921(a)(20) *with* 18 U.S.C. § 921(a)(33)(B)(ii). However, the defined term ("crime punishable by imprisonment for a term exceeding one year") is not included in Section 922(g)(9), which is the statute DPS applied. *Compare* 18 U.S.C. § 921(a)(20) *with* 18 U.S.C. § 922(g)(9). And misdemeanors such as the battery for which Dorsett was convicted are excluded from its definition. *See* 18 U.S.C. § 921(a)(20) (providing that term does not include any state offense classified by state law as misdemeanor and punishable by imprisonment for two years or less); *see United States v. Smith*, 171 F.3d 617, 623 (8th Cir. 1999) ("[A] person convicted of a variety of . . . felony offenses . . . can have his civil rights restored and thereby fit within [18 U.C.S. § 921(a)(20)], allowing a felon to once again possess a firearm.").

Because subsection (a)(33) defines the disqualifying offense identified in Section 922(g)(9), and the DPS based its decision on Section 922(g)(9), we conclude that the "civil rights restored" exception in (a)(33) applies here. Therefore, we agree with the DPS that the trial court erred in applying subsection (a)(20) in this case.

**Loss and Restoration of Civil Rights**

We note that federal policy governs the interpretation of Section 921(a)(33)(B)(ii), while California law determines whether Dorsett's civil rights have been restored. *See Caron v. United States*, 524 U.S. 308, 316, 118 S. Ct. 2007, 2012, 141 L.Ed.2d 303 (1998). The Supreme Court has held that the "law of the applicable jurisdiction" parenthetical in Section 921(a)(33)(B)(ii) does not cover a person whose civil rights were never taken away. *See Logan v. United States*, 552 U.S. 23, 36, 128 S. Ct. 475, 484, 169 L.Ed.2d 432 (2007). In *United States v. Brailey*, 408 F.3d 609 (9th Cir. 2005), the defendant maintained that his civil rights had been "restored" because the state law no longer prevented him from possessing a firearm. *Id.* at 610-11. However, the court found that one can qualify for the "civil rights restored" exception only

4

if the applicable state law provided for the loss of civil rights upon conviction in the first place. *Id.* at 611. In other words, the central question is whether the law of the convicting state ever provided for the loss of civil rights for misdemeanor convictions. *Id.*

In *Brailey*, the court found that pursuant to the convicting state's law, the defendant's misdemeanor conviction did not deprive him of the right to vote, hold public office, or sit as a juror–his "core civil rights." *Id.* at 611-12. Thus, the court determined, the defendant's civil rights could not have been "restored" within the meaning of the federal exception because the loss of his "core" civil rights was expressly required for him to qualify for the exception. *Id.* at 612.

Dorsett's conviction for a misdemeanor in California involved no loss of his "core" civil rights after he completed his sentence, "neither further obligation nor disability." *See In re Valenti*, 178 Cal. App. 3d 470, 475 (Cal. Ct. App. 1986). That is, he did not lose the right to vote, hold public office, or sit on a jury because of his conviction. *See United States v. Andaverde*, 64 F.3d 1305, 1309 (9th Cir. 1995); *Enos v. Holder*, 855 F.Supp.2d 1088, 1096 (E.D. Cal. 2012). Further, California does not consider Dorsett's right to possess a firearm a "core" civil right within the meaning of "civil rights restored." *See Holder*, 855 F.Supp.2d at 1096. Therefore, his civil rights were not "restored" once he was again permitted to possess a firearm under California law. Consequently, he does not fall within the "civil rights restored" exception of subsection (a)(33), and the trial court erred in concluding that he is qualified under federal law to receive a CHL. *See* TEX. GOV'T CODE ANN. § 411.172(a)(9) (person must be fully qualified under applicable federal law to purchase a handgun). We sustain the DPS's sole issue.

### DISPOSITION

Having sustained DPS's sole issue, we *reverse* and *render* judgment for DPS that Dorsett is not eligible for a concealed handgun license.

SAM GRIFFITH
Justice

Opinion delivered August 29, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2014**

**NO. 12-13-00144-CV**

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**
Appellant
V.
**JASON DORSETT,**
Appellee

Appeal from the County Court at Law

of Anderson County, Texas (Tr.Ct.No. 12070)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and judgment **rendered** for the TEXAS DEPARTMENT OF PUBLIC SAFETY that **JASON DORSETT** is not eligible for a concealed handgun license; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*