[No. B008248. Second Dist., Div. Two. Dec. 18, 1985.]

In re FAUSTO S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
FAUSTO S., Defendant and Appellant.

## COUNSEL

Kenneth L. Wenzl, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gary R. Hahn and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

GATES, J.—Fausto S. appeals from the order continuing his wardship (Welf. & Inst. Code, § 602) following a finding that he had committed a battery, was engaged in disorderly conduct and had been under the influence of phencyclidine. (Pen. Code, §§ 242; 647, subd. (f); Health & Saf. Code, § 11550, subd. (b).) He contends: "I. The court committed the minor to camp for a time period in excess of that allowed by law. II. The trial court should have given the minor pre-commitment time credits for the time spent in juvenile hall and/or camp."[1]

---

[1]Appellant does not challenge the sufficiency of the evidence. It will suffice to observe that on April 25, 1984, he was discovered in a public place under the influence of alcohol and he struck the arresting officer, an action which the trial court concluded constituted only simple battery because of appellant's extreme intoxication. Thereafter, on July 24, 1984, he was again found under the influence of an intoxicating chemical, this time phencyclidine. Separate petitions were filed on April 27, 1984, and July 31, 1984, respectively, regarding these offenses, but appellant was not detained on either of them.

At appellant's August 23, 1984 disposition hearing, the court directed that a previous camp community placement order entered on July 31, 1984, should remain in full force and effect. It also declared that the present Health and Safety Code violation carried a one-year maximum period of confinement, with six months additional for the two remaining misdemeanors computed consecutively, for a total of twenty-four months. It indicated, however, these abstract time spans should be regarded as "concurrent" to any potential period of confinement remaining upon the earlier and unrelated camp commitment.

■ Although, as usual, a moot point, it appears that our Supreme Court would regard as technically correct appellant's contention that error occurred in the computation of the theoretical maximum period he might have been confined.[2] (See *In re Deborah C.* (1981) 30 Cal.3d 125, 140 [177 Cal.Rptr. 852, 635 P.2d 446].) Perhaps the trial court shared our reservations concerning the undisclosed reasoning which lead to *Deborah C.*'s enigmatic reference to "the maximum term of adult confinement for the same offenses . . . ." As pointed out in *People* v. *Powell* (1985) 166 Cal.App.3d Supp. 12, 22 [212 Cal.Rptr. 454], nothing to be found in *In re Eric J.* (1979) 25 Cal.3d 522 [159 Cal.Rptr. 317, 601 P.2d 549], would have suggested its signatories believed the various bargain rates our Legislature has seen fit to offer those who would perpetrate multiple felonies also should be extended by judicial fiat to the active adult misdemeanant, at least not until such time as any consecutive sentences imposed upon the latter should exceed those to which the former are subject. In fact, were a contrary rule to be applied to the typical six-month misdemeanor (see Pen. Code, § 19), an active offender would soon be able to pursue his employment or his pleasure secure in the knowledge that all crimes in excess of four were wholly free from any threat of societal retribution. (See Pen. Code, § 1170.1, subd. (g).)

Nonetheless, it is not for us to deliberate the wisdom of our high tribunal's pronouncements; it is enough that we find they have spoken—at least as to juveniles. Consequently, although the principal abstract period of confinement resulting from appellant's violation of Health and Safety Code section 11550, subdivision (b), was correctly announced as one year, the subordinate "terms" resulting from his violation of Penal Code sections 647, subdivision (f), and 242 could only have been one-third of their six-month

---

[2]We have examined the superior court file in this proceeding and it reveals that appellant, who became 18 on November 12, 1984, successfully completed his community camp program and was released therefrom over 9 months ago, i.e., on March 12, 1985. In fact, it appears that the sole reason jurisdiction in this matter has not already been terminated is the pendency of this appeal!

maximums, i.e., two months for each offense, for a total of one year and four months, rather than two years.

■ Appellant's second contention is without merit. As noted, he was detained in juvenile hall commencing on July 31, 1984, on an unrelated camp commitment and not on the two petitions which are the subject of this appeal. His custody not having resulted from these offenses, he was not entitled to credit therefor. (See *In re Ricky H.* (1981) 30 Cal.3d 176, 185 [178 Cal.Rptr. 324, 636 P.2d 13].)

The order continuing wardship is modified to reflect that appellant's theoretical maximum term of confinement on the April 27, 1984, and July 31, 1984, petitions is one year and four months, and, as so modified, is affirmed.

Compton, Acting P. J., and Beach, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 13, 1986. Lucas, J., was of the opinion that the petition should be granted.