[No. B013075. Second Dist., Div. Six, Nov. 26, 1986.]

In re LUIS H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
LUIS H., Defendant and Appellant.

## COUNSEL

Norman W. de Carteret, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Susanne C. Wylie and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Luis H. appeals from an order continuing wardship following his admission that he committed battery (Pen. Code, § 242) and a finding that the previous disposition of the court had not been effective in his rehabilitation (Welf. & Inst. Code, § 777, subd. (a)). He contends: "I.

The court abused its discretion when it committed the minor to the Youth Authority for misdemeanors; II. The court abused its discretion when it committed the minor to the Youth Authority for misdemeanors for a maximum period of two years and eight months. The maximum should have been two years."

The probation officer's report prepared for the disposition hearing indicates that appellant had been in suitable placement at the Optimist Boy's Home before the present petition was filed. The misdemeanor battery offense he admitted in this proceeding was the result of a fight there on December 30, 1984. Appellant also admitted leaving the facility without permission from December 21 to 29, 1984, and again on January 3, 1985, until his arrest on February 8, 1985. The probation report further stated that on January 2, 1985, a supervisor at the Boy's Home telephoned the probation officer requesting that appellant be removed because of negative "gang" activities and fighting.[1]

Responding to the court's inquiry, the deputy probation officer who prepared the report opined the case was a "clear-cut" California Youth Authority matter.

In determining appellant's maximum term of confinement to be two years and eight months, the court selected violation of Penal Code section 148 as the base term and imposed a sentence of one year. It imposed two months for the instant misdemeanor and an additional two months for each of appellant's nine other previously sustained misdemeanor petitions, a maximum term of confinement of two years, eight months.[2] The court gave appellant credit for 657 days previously served in the Colston Youth Center and Clifton Tatum Center (Juvenile Hall).

Appellant's contention that the court abused its discretion by committing him to the California Youth Authority is meritless. The record here reveals that the minor had previously been tried home on probation and in at least four different placement facilities. (Cf. *In re Michael R.* (1977) 73 Cal.App.3d 327 [140 Cal.Rptr. 716].) Clearly, "the purposes of the Juvenile

---

[1]On December 29, 1984, appellant burned another resident's hand and hair with a cigarette and then beat him when he said he was going to report it. On January 3, 1985, just before leaving placement without permission, appellant stabbed another resident with a pencil in the hand and shoulder. In explaining this incident to the probation officer appellant said he asked for some money from the resident who gave it to him but then "made a smart remark" so appellant "poked" him with a pencil.

[2]Appellant's sustained petitions, including the present matter, consist of five instances of being under the influence of toluene (Pen. Code, § 381), two petty thefts (Pen. Code, § 484), two batteries (Pen. Code, § 242) and one contempt of court for escape while en route to Little Rock Boy's Ranch (Pen. Code, § 166, subd. 4).

Court Law could not be accomplished by placement of appellant in a facility less restrictive than the Youth Authority." (Fn. omitted; *In re Ricky H.* (1981) 30 Cal.3d 176, 184 [178 Cal.Rptr. 324, 636 P.2d 13].) As there is substantial evidence in the record that commitment to the Youth Authority would be of benefit to the minor, the court did not abuse its discretion in placing him there. (*In re Aline D.* (1975) 14 Cal.3d 557, 567 [121 Cal.Rptr. 816, 536 P.2d 65].)

■ Appellant's contention that his theoretical maximum term of confinement cannot exceed double the base term limitation of Penal Code section 1170.1, subdivision (g) is without merit. The section establishing the maximum periods of confinement for juveniles is Welfare and Institutions Code section 726. The controlling provisions of the section provide in pertinent part: "If the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be specified in accordance with subdivision (a) of Section 1170.1 of the Penal Code. [¶] If the charged offense is a misdemeanor . . . the 'maximum term of imprisonment' is the longest term of imprisonment prescribed by law."

Section 1170.1, subdivision (a) provides certain limitations on subordinate terms including limitation to one-third the base term. Although the section on its face applies only to sentences for felonies, in the case of a juvenile whose term of confinement is set pursuant to Welfare and Institutions Code section 726, this limitation is also applicable to misdemeanor terms. (*In re Eric J.* (1979) 25 Cal.3d 522, 538 [159 Cal.Rptr. 317, 601 P.2d 549].) This limitation was observed here.

Section 1170.1, subdivision (g) is not included by reference in Welfare and Institutions Code section 726. Since the latter section specifies only subdivision (a) of section 1170.1, application of the familiar maxim *expressio unius est exclusio alterius* (*In re Lance W.* (1985) 37 Cal.3d 873, 888 [210 Cal.Rptr. 631, 694 P.2d 744]) discloses a legislative intention that only the limitations of subdivision (a) of section 1170.1 be considered in establishing a minor's aggregated maximum term of physical confinement.

The trial court properly computed appellant's maximum term of confinement without regard to the limitation provisions of Penal Code section 1170.1, subdivision (g). Welfare and Institutions Code section 726 sets an outside limitation on all juvenile terms of physical confinement equal to that which could be imposed upon an adult convicted of the same offense or offenses. Since the limitation provisions of section 1170.1, subdivision (g) are not applicable to adults convicted of multiple misdemeanors upon whom

consecutive sentences are imposed (*In re Valenti* (1986) 178 Cal.App.3d 470 [224 Cal.Rptr. 10]), this limitation is not apropos here.

We do not find that the Supreme Court's dicta in *In re Deborah C.* (1981) 30 Cal.3d 125, 140 [177 Cal.Rptr. 852, 635 P.2d 446] compels a different result since in that case the only term-of-confinement issue was whether Deborah was entitled to credit for time spent in juvenile hall prior to disposition on her misdemeanor conduct, i.e., a juvenile equivalent of presentence confinement time. (See Pen. Code, § 2900.5.) The court held she was entitled to the credit. However, rather than relying solely on *In re Eric J.* which had resolved the same issue (see 25 Cal.3d at pp. 533-536) based on Welfare and Institutions Code section 726, the Supreme Court further stated, "Where sentences are aggregated for multiple offenses *Eric J.* provides that the maximum *adult* term is to be computed under the determinate sentencing law whether the offenses be felonies or misdemeanors. (*Id.,* at pp. 536-538.) [¶] . . . Under *Eric J.* the maximum term of *adult* confinement for the same offenses would be six months (the 'upper term' for the base offense [for the first misdemeanor] plus two months (one-third of the 'middle term' for the subordinate offense; *id.,* § 1170.1, subd. (b); see *Eric J., supra,* at p. 538). . . ." (Italics added.)

The use of the word *adult* in the aforementioned portion of *Deborah C.* is unnecessary and confusing when compared with what the Supreme Court actually said in *Eric J.* As noted in *In re Fausto S.* (1985) 175 Cal.App.3d 909, 911 [221 Cal.Rptr. 104], ". . . nothing to be found in *In re Eric J.* (1979) 25 Cal.3d 522 [], would have suggested its signatories believed the various bargain rates our Legislature has seen fit to offer those who would perpetrate multiple felonies also should be extended by judicial fiat to the active adult misdemeanant, at least not until such time as any consecutive sentences imposed upon the latter should exceed those to which the former are subject. In fact, were a contrary rule to be applied to the typical six-month misdemeanor (see Pen. Code, § 19), an active offender would soon be able to pursue his employment or his pleasure secure in the knowledge that all crimes in excess of four were wholly free from any threat of societal retribution. (See Pen. Code, § 1170.1, subd. (g).)"

We do not believe that the Supreme Court in *In re Deborah C.* intended, in dicta, to expand the holding of *In re Eric J.* to apply to adult misdemeanants. In fact, in *Eric J.* at pages 537-538, the court expressly recognized the foregoing limitations applied only to felony but not misdemeanor sentences for adults. (See also *In re Valenti, supra,* 178 Cal.App.3d 470.) In addition, the *id.* reference to subdivision (b) of section 1170.1 must be a typographical error. Not only is a reference to subdivision (b) conspicuously absent from both *Eric J.* and Welfare and Institutions Code section 726, but

that subdivision does not, nor has it, contained subject matter relevant to the proposition for which it is cited. Consequently, we assume the court intended the reference to be to subdivision (a) rather than that it was fore-shadowing its view in the instant case.

The order is affirmed.

Gilbert, J., and Abbe, J., concurred.