[No. A045733. First Dist., Div. Three. Jan. 30, 1990.]

In re CLAUDE J., a Minor, on Habeas Corpus.

**COUNSEL**

John K. Van de Kamp, Attorney General, Arnold O. Overoye, Acting Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Stan M. Helfman, Deputy Attorneys General, for Appellant.

Robert Bratberg for Respondent.

**OPINION**

BARRY-DEAL, Acting P. J.— In this appeal we consider whether the limitation on consecutive sentences set out in Penal Code section 1170.1, subdivision (a), is applicable to juvenile proceedings in which the minor is found to have committed multiple misdemeanor offenses. Although we think that Penal Code section 1170.1 is inapplicable to this case, we are bound by previous decisions of our Supreme Court, and therefore affirm the trial court's order reducing appellant's sentence.

### I. *Facts and Procedural History*

Because the only issue on appeal is a question of law, we do not recite the facts in detail. In 1988, the minor, Claude J., was found to have committed five misdemeanor offenses. The trial court committed him to the custody of the California Youth Authority (CYA) for a period of thirty months, representing five consecutive six-month periods, which corresponded to the five misdemeanor offenses. The minor appealed (*In re Claude J.,* No. A043156) and filed a petition for writ of habeas corpus (*In re Claude J.,* No. A044646), which this court denied. In those proceedings, the minor argued that the maximum term of confinement should be recalculated to comply

with Penal Code section 1170.1, which limits consecutive terms to one-third of the middle term. In February 1989, before the minor filed his opening brief in the appeal from the judgment, our Supreme Court issued an order to show cause, returnable by the trial court, why the petition for writ of habeas corpus should not be granted. The trial court granted the minor's writ petition and directed the CYA to reduce the minor's maximum term to fourteen months—six months for the base term, and one-third the middle term (two months) for each of the four consecutive sentences. This appeal by the People followed. (Pen. Code, §§ 1506, 1507.)

## II. *Discussion*

Our task is to reconcile the provisions of Welfare and Institutions Code section 726[1] with the consecutive sentence provisions of Penal Code section 1170.1, subdivision (a).

Penal Code section 1170.1, subdivision (a), provides in part that sentences which run consecutively to the principal term must be set at one-third of the middle term applicable to the particular offense in question. (Pen. Code, § 1170, subd. (a).) The consecutive sentencing provisions of Penal Code section 1170.1 expressly apply only to felony offenses; where a defendant is convicted of misdemeanor offenses, there is no equivalent limitation. (Pen. Code, § 1170.1, subd. (a); see *In re Valenti* (1986) 178 Cal.App.3d 470, 475-476 [224 Cal.Rptr. 10] [rejecting equal protection challenge to consecutive maximum sentences on multiple misdemeanor offenses].)

Absent other provision, the restrictions on criminal sentencing imposed by Penal Code section 1170.1 would have no effect on juvenile court orders commanding a minor's incarceration in CYA. Such orders are provided for and governed by the Welfare and Institutions Code. (See § 725 et seq.) However, in providing rules for calculation of the maximum term of incarceration to which a minor may be subjected, section 726 provides that the "'maximum term of imprisonment' [beyond which the minor may not be imprisoned] means the longest of the three time periods set forth in paragraph (2) of subdivision (a) of Section 1170 of the Penal Code" (describing lower, middle, and upper terms), and, most important on this appeal, that "[i]f the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise noted.

imprisonment' *shall be specified in accordance with subdivision (a) of Section 1170.1 of the Penal Code.*" (§ 726, subd. (c), 3d & 4th pars., italics added.)

Where a minor is found to have committed several felony offenses, the reference in section 726 creates no difficulty. If it chooses to impose consecutive terms, the juvenile court must compute the maximum term by complying with Penal Code section 1170.1, "i.e., the sum of the 'principal term' (the longest term imposed for any of the offenses) and 'subordinate terms' (one-third of the middle term imposed for each other offense)." (*In re Eric J.* (1979) 25 Cal.3d 522, 536 [159 Cal.Rptr. 317, 601 P.2d 549], fn. omitted, quoting Pen. Code, § 1170.1, subd. (a).)

However, where the juvenile court finds that the minor has committed a combination of felony and misdemeanor offenses, or several misdemeanor offenses, the proper application of the Penal Code procedure in a proceeding under section 726 is less clear.

As we have noted, in an adult sentencing on multiple misdemeanor counts, the court is free to impose consecutive sentences at the maximum term for each offense, because Penal Code section 1170.1 does not apply to misdemeanors. (*In re Valenti, supra,* 178 Cal.App.3d at pp. 475-476.) In contrast, section 726 contains no such limitation, but only specifies that, based on the offenses which have been proven, the court shall calculate the " 'maximum term' " in accordance with Penal Code section 1170.1. Because Penal Code section 1170.1 contains no restriction on consecutive terms for misdemeanor offenses, it follows that when a juvenile court calculates the maximum term which may be imposed on multiple misdemeanors, it is not limited by any provision of Penal Code section 1170.1. Under this literal reading of the statute, the original finding in the case at bench that the minor should be confined for a period equal to five full, consecutive misdemeanor terms was correct, because Penal Code section 1170.1, by its own terms, does not apply to misdemeanor sentencing.

This interpretation of the application of Penal Code section 1170.1 in juvenile proceedings is reinforced by reference to the fifth full paragraph of section 726, subdivision (c), which states that where the offense committed "is a misdemeanor or a felony not included within the scope of Section 1170 of the Penal Code, the 'maximum term of imprisonment' is *the longest term of imprisonment prescribed by law.*" (§ 726, subd. (c), 5th par., italics added.) We believe that this paragraph, which explicitly provides for situations not covered by Penal Code section 1170, illustrates the Legislature's intent that misdemeanor terms in juvenile cases remain unaffected by the correla-

tive restrictions on felony terms contained in Penal Code section 1170.1, subdivision (a).

Finally, as the juvenile court accurately pointed out in its order modifying the minor's sentence, our interpretation of the statute is consistent with the evident intent of the Legislature to grant the juvenile court the power to order the maximum possible confinement in all cases so as to ensure the "longest available time to try to help troubled minors." (See § 726, subd. (c) [mandating imposition of upper term in all juvenile felony cases]; *In re Eric J., supra,* 25 Cal.3d at pp. 531-532 [noting rehabilitative purpose of juvenile law in context of requirement that juveniles be committed for maximum term in all felony cases].)

Were we writing on a clean slate, there would be little more to add. However, we are confronted with prior decisions, some by our Supreme Court, which are in conflict with this reasoning.

*In re Eric J., supra,* 25 Cal.3d 522, is the leading case. In *Eric J.,* the minor was found to have committed a felony and a misdemeanor offense. (*Id.,* at pp. 525-526.) Among other claims of error, the minor contended that the juvenile court had erred in imposing a full, consecutive term on the misdemeanor count, instead of reducing the consecutive term by two-thirds under Penal Code section 1170.1. (*Eric J., supra,* at p. 537.) The Supreme Court agreed, and stated that the Legislature had "indicated its intent that the aggregation provisions of [Pen. Code] section 1170.1 be applied [in juvenile proceedings] whether the offenses committed by the minor are felonies or misdemeanors." (*Eric J., supra,* at p. 538.) The court reasoned that if Penal Code section 1170.1 were not so applied, a minor who was found to have committed two felonies might receive a shorter term than a minor who committed a felony and a misdemeanor. (*Eric J., supra,* at p. 537.) Apparently intending to avoid this "anomaly," the court concluded that the Legislature must have intended to apply the computational scheme of Penal Code section 1170.1 to both felonies and misdemeanors. (*Eric J., supra,* at p. 537.)[2] The Supreme Court's finding of legislative intent in *Eric J.* is clear and has been reiterated and followed. (See, e.g., *In re Deborah C.* (1981) 30 Cal.3d 125, 140 [177 Cal.Rptr. 852, 635 P.2d 446]; *In re Michael B.* (1980) 28 Cal.3d 548, 551-552, fn. 1 [169 Cal.Rptr. 723, 620 P.2d 173]; *In re Luis H.* (1986) 187 Cal.App.3d 546, 549 [231 Cal.Rptr. 722]; *In re Fausto S.* (1985) 175 Cal.App.3d 909, 911-912 [221 Cal.Rptr. 104]; *In re*

---

[2] In its opinion, the Supreme Court nowhere considers the effect of the fifth paragraph of section 726, subdivision (c), which, as we have noted, gives the impression that the Legislature did not intend the result reached in *Eric J.*

*Maurice H.* (1980) 107 Cal.App.3d 305, 312 [166 Cal.Rptr. 213]; *In re Dennis C.* (1980) 104 Cal.App.3d 16, 23-24 [163 Cal.Rptr. 496].) Thus, despite our belief that *Eric J.* was wrongly decided, its clear and unequivocal statement that section 726 must be interpreted to apply the consecutive sentence provisions of Penal Code section 1170.1 to both "felonies [and] misdemeanors" (*Eric J., supra,* at p. 538) forces us to conclude that full, consecutive misdemeanor terms may not be imposed in juvenile cases. (See *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [200 Cal.Rptr. 321, 369 P.2d 937] [decisions of Supreme Court are binding and must be followed by lower courts].)

Appellant urges us to distinguish *Eric J.* on its facts and hold that, where only misdemeanor offenses are involved, a juvenile court may impose fully consecutive terms. As the trial court noted, neither *Eric J.* nor any case following *Eric J.* involved a direct holding that consecutive terms are prohibited where the minor had committed several misdemeanors only, as in the case at bench. Though we are sympathetic to appellant's attempt to evade *Eric J.,* and note that there are factual differences between this case and prior cases, we join the trial court's recognition that we are bound by the Supreme Court's interpretation of section 726 in *Eric J.*

The judgment is affirmed.[3]

Merrill, J., concurred.

**STRANKMAN, J.**—I dissent. While I share my colleagues' concern with the analysis in *In re Eric J.* (1979) 25 Cal.3d 522 [159 Cal.Rptr. 317, 601 P.2d 549], I do not share their willingness to extend it. No legal authority requires a lower court to accept as binding comments made by a higher court that are beyond the factual controversy presented to it. Simply put, *Eric J.* decided a case involving a felony and a misdemeanor, not a succession of misdemeanors. Justice Clark's opinion does not reach the question presented to us.

Whatever is accomplished by the incorporation of the Penal Code adult felony sentencing scheme into the juvenile area through Welfare and Institutions Code section 726, I cannot see how that incorporation prohibits consecutive full misdemeanor terms. As the majority points out, the sen-

---

[3] In light of our conclusion here that the juvenile court's order modifying the minor's term was correct, the portion of the minor's separate appeal from the original finding and order imposing consecutive terms is moot. We treat his claim of abuse of discretion in a separate, unpublished opinion filed this date. (*In re Claude J.,* No. A043156.)

tence was permissible had Claude J. been an adult. There is no legal or logical reason for the rule to change when it is applied to a juvenile. *Eric J.* does not mandate a reduction in term because Claude J. is a juvenile. There is no valid reason for this court to draw a distinction that the Legislature did not make and the Supreme Court did not find.

I would reverse the order granting the petition for writ of habeas corpus and affirm the initial sentence pronounced by the trial court.

Petitioner's application for review by the Supreme Court was denied May 17, 1990.