68 Cal.Rptr.3d 381 (2007)
156 Cal.App.4th 1404
In re JULIAN R., a Person Coming Under the Juvenile Court Law.
The People, Plaintiff and Respondent,
v.
Julian R., Defendant and Appellant.
No. H031292.
Court of Appeal of California, Sixth District.
November 16, 2007.
*382 Sixth District Appellate Program and Lori Quick, for Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Sr. Assistant Attorney General, Martin S. Kaye and Jeffrey M. Bryant, Deputy Attorneys General, for Respondent.
ELIA, J.
Julian R. appeals from the order committing him to the Division of Juvenile Justice (DJJ) after he admitted the allegations of probation violation specified in a notice pursuant to Welfare and Institutions Code section 777.[1] "Section 777, subdivision (a)(2) ... establishes, the juvenile court procedure for finding probation violations and modifying prior dispositions when new misconduct is committed by those on probation for crimes previously adjudicated under section 602." (John L. v. Superior Court (2004) 33 Cal.4th 158, 165, 14 Cal.Rptr.3d 261, 91 P.3d 205.) Minor now claims that the juvenile court erred by failing to orally pronounce the maximum period of confinement. He also asserts that the juvenile court erred by failing to exercise its discretion to set the maximum period of confinement based upon the facts and circumstances of the case for a period less than the adult maximum term of imprisonment.

A. Procedural History

On June 13, 2006, a section 602 petition was filed against minor. At a hearing on July 20, 2006, minor admitted committing two violations of Penal Code section 245, subdivision (a)(1), assault by means of *383 force likely to produce great bodily injury against separate victims, and two gang enhancements under Penal Code section 186.22, subdivision (b)(1), on June 11, 2006. The juvenile court stated that the maximum confinement time for those offenses was nine years after being so informed by the deputy district attorney. Minor made the admissions with the court's guarantee that he would be allowed to withdraw them if the court determined that he should be sent to the California Youth Authority. Allegations of carjacking (Pen.Code, § 215, subd. (a)) and active participation in a criminal street gang (Pen.Code, § 186.22, subd. (a)) were dismissed.
A probation report filed August 2, 2006 states that minor's prior record includes two previously sustained section 602 petitions, which resulted in minor being adjudicated and then continued as a ward of the court. The second petition concerned a violation of Penal Code section 415, subdivision (1). According to the probation report, while minor was under juvenile court supervision, he moved to Texas. There, "his matter was placed on the banked caseload while he was supervised by El Paso County, Texas." After committing another "law violation" in Texas, he was declared a ward of the Texas court and placed on probation. The probation report indicates that the Texas order of probation was terminated after minor made significant progress. It also indicates that on December 25, 2005, probation was terminated on the second section 602 petition. Minor subsequently returned to California.
In its August 7, 2006 disposition order, the juvenile court declared minor to be a ward of the court subject to stated probation terms and conditions. Despite the probation officer's recommendation that minor be committed to the California Youth Authority, the court ordered minor committed to the Monterey County Youth Center.
On February 7, 2007, a notice pursuant to section 777, subdivision (a), was filed against minor. It alleged that minor was in violation of probation in that he had been terminated from the Monterey County Youth Center on February 5, 2007 for violating the center's rules and that "[o]n February 5, 2007, the minor tested presumptively positive for cocaine, violating his term of probation that he not consume or possess any illegal narcotics." At a hearing on February 8, 2007, minor admitted the probation violations after again being told that maximum confinement in the case was nine years.
The probation officer's supplemental report did not mention the previously sustained petition alleging a violation of Penal Code section 415, subdivision (1). It stated a maximum time of confinement of 13 years for the admitted assault offenses and gang enhancements. The probation officer's calculation included a full consecutive four-year upper term for the second gang enhancement rather than one-third of the midterm (see Pen.Code, §§ 186.22, subd.(b)(l); 1170.1, subd. (a)).
A disposition hearing was held on February 26, 2007. Before announcing the disposition, the court noted that Julian was "initially committed to the Youth Center after two counts of a violation of section 245(a)(1) of the Penal Code, assault likely to produce great bodily injury, with enhancements pursuant to Section 186.22(b)(1) of the Penal Code, gang involvement. . . . The incident involved the ward and five co-defendants assaulting a victim and taking his vehicle." The court observed that Julian had been "given many opportunities by the Probation Department, both in Monterey County and in the State of Texas, for prior grant of probation and custody time to correct his *384 behavior" but he "opted to begin his experimentation with cocaine in a secured facility." The court found that "this is a felony and a [section] 707(b) ... case." It indicated that it was accepting the recommendation for commitment to the DJJ but orally set no maximum term of confinement.
The court's written order, dated February 26, 2007, states: "The child is committed to the Department of Corrections and Rehabilitation, Division of Juvenile Justice, and form JV-732, Commitment to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice, will be completed and transmitted."
Judicial Council of California form JV-732, Commitment to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice, was filed on February 28, 2007. The form specifies a nine-year term for the principle assault and gang enhancement, a one-year term for the subordinate assault and gang enhancement, and a two-month term, for a misdemeanor fighting offense (Pen.Code, §§ 17, 415, subd. (1)) from an earlier sustained petition.[2] The form separately states a maximum period of confinement of 10 years, two months.

B. Applicable Law

Section 726, subdivision (c), provides in part: "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. [¶] As used in this section and in Section 731, `maximum term of imprisonment' means the longest of the three time periods set forth in paragraph (2) of subdivision (a) of Section 1170 of the Penal Code, but without the need to follow the provisions of subdivision (b) of Section 1170 of the Penal Code or to consider time for good behavior or participation pursuant to Sections 2930, 2931, and 2932 of the Penal Code, plus enhancements which must be proven if pled. [¶] If the court elects to aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the `maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code, which includes any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1 of the Penal Code, and Section 11370.2 of the Health and Safety Code. [¶] If the charged offense is a misdemeanor or a felony not included within the scope of Section 1170 of the Penal Code, the `maximum term of imprisonment' is the longest term of imprisonment prescribed by law."[3] *385 Rule 5.795(b) of the California Rules of Court provides: "If the youth is declared a ward under section 602 and ordered removed from the physical custody of a paraardian, or guardian, the court must specify and note in the minutes the maximum period of confinement under section 726."[4]
Penal Code section section 1170.1, subdivision (a), directs: "The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."
Section 731, subdivision (c) (formerly subdivision (b)),[5] provides: "A ward committed to the Division of Juvenile Facilities may not be held in physical confinement for a period of time in excess of the maximum period of imprisonment that could be imposed upon an adult convicted of the offense or offenses that brought or continued the minor under the jurisdiction of the juvenile court. A ward committed to the Division of Juvenile Facilities also may not be held in physical confinement for a period of time in excess of the maximum term of physical confinement set by the court based upon the facts and circumstances of the matter or matters that brought or continued the ward under the jurisdiction of the juvenile court, which may not exceed the maximum period of adult confinement as determined pursuant to this section." (Stats.2007, ch. 257, § 2, p. ___, eff.Sept.29, 2007.) Before its recent amendment, the section referred to the "Department of the Youth Authority" rather than to the "Division of Juvenile Facilities." (Stats.2007, ch. 174, §§ 19, 37, pp. ___, operative September 1, 2007.)
The second sentence of subdivision (c) (formerly subdivision (b)) of section 731 was added by statute in 2003, operative January 1, 2004. (Stats.2003, ch. 4, §§ 1, 52, pp. 159, 172.) One of the bill's reforms "[a]uthorize[d] the court to set a maximum term of confinement that is not necessarily the adult term maximum." (Sen. Rules Com., Off. of Senate Floor Analyses, Analysis of Sen. Bill No. 459 (2003-2004 Reg. Sess.) as amended Apr. 4, 2003, p. 4.) The new provision was intended to "provide for court consideration of factors about the offense and the offender's history (which would be comparable to those employed now for the triad sentencing of adults) and have those considerations reflected in the CYA confinement term ordered by the court." (Assem. Com. on Public Safety, com on Sen. Bill 459 (2003-2004 Reg. Sess.) as amended Mar. 17, 2003, p. 6.)
Since 2003, courts have held that this provision requires a juvenile court, when committing a minor to the CYA (now Division of Juvenile Facilities) to explicitly exercise its discretion to set a maximum term of physical confinement based on the facts and circumstances of the case, which term cannot exceed the maximum period *386 of imprisonment that could be imposed on an adult convicted of the same offense. (See In re Carlos E. (2005) 127 Cal. App.4th 1529, 1533, 1543, 26 Cal.Rptr.3d 551; In re Sean W. (2005) 127 Cal.App.4th 1177, 1183, 26 Cal.Rptr.3d 248.) Where the record has shown that a juvenile court did not believe it had any discretion with respect to the maximum term of confinement under a CYA commitment, appellate courts have remanded the matter to the juvenile court with directions to exercise its discretion in setting appellant's maximum term of confinement, pursuant to section 731, subdivision (b). (See In re Carlos E., supra, 127 Cal.App.4th at pp. 1533, 1543, 26 Cal.Rptr.3d 551; In re Sean W., supra, 127 Cal.App.4th at pp. 1182, 1189, 26 Cal.Rptr.3d 248.)
In re Jacob J. (2005) 130 Cal. App.4th 429, 30 Cal.Rptr.3d 255, a minor committed to the California Youth Authority contended that "the court failed to exercise its recently conferred discretion pursuant to section 731, subdivision (b) [now subdivision(c) ] to set a maximum term of physical confinement less than the adult maximum term of imprisonment." (Id. at p. 434, 30 Cal.Rptr.3d 255.) Although the appellate court in In re Jacob J. recognized the general presumption that trial courts are aware of and follow applicable law, which "derives in part from the presumption of Evidence Code section 664 `that official duty has been regularly performed[]"' (People v. Stowell (2003) 31 Cal.4th 1107, 1114, 6 Cal.Rptr.3d 723, 79 P.3d 1030), and recognized the general rule that a reviewing court cannot presume error from a silent record (see Denham v. Superior Court (1970) 2 Cal.3d 557, 564, 86 Cal.Rptr. 65, 468 P.2d 193 [an order is presumed correct, all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown]), it nevertheless held that where "the juvenile court sets the maximum term of physical confinement at CYA at the maximum term of an adult confinement, the record must show the court did so after considering the particular facts and circumstances of the matter before it." (In re Jacob J., supra, 130 Cal.App.4th at p. 438, 30 Cal.Rptr.3d 255.)
The appellate court in In re Jacob J. stated: "[W]hile the statute does not require a recitation of the facts and circumstances upon which the trial court depends, or a discussion of their relative weight, the record must reflect the court has considered those facts and circumstances in setting its maximum term of physical confinement even though that term may turn out to be the same as would have been imposed on an adult for the same offenses." (130 Cal.App.4th at p. 438, 30 Cal.Rptr.3d 255.) The appellate court remanded the matter "to the juvenile court with directions to set a maximum term of physical confinement based upon the facts and circumstances of the case and to complete Judicial Council form JV-732 in its entirety and forward a copy of the completed form to CYA." (Id. at p. 439, 30 Cal.Rptr.3d 255.)
California Rules of Court, rule 5.805(1) (former rule 1494.5(a)) requires a court to "complete Commitment to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice (form JV-732)" if it "orders the youth committed to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ)." There is a place on the standardized form for specifying the term for each offense and for stating the maximum period of confinement in years and months.

C. No Oral Pronouncement of Maximum Period of Confinement Required

Appellant contends that section 726, subdivision (c), and rule 5.795(b) required *387 the juvenile court to orally pronounce the maximum period of confinement on the record. Although neither the statutory provision nor court rule expressly mandates such an oral pronouncement, appellant nevertheless reasons that an oral pronouncement is required because the superior court must orally pronounce whether an offense committed by a minor was a felony or a misdemeanor (§ 702) and must orally pronounce a judgment of conviction in adult criminal cases. He urges us to remand the matter to the juvenile court for an oral pronouncement of the maximum period of confinement.
"Our primary aim in construing any law is to determine the legislative intent. (Metromedia, Inc. v. City of San Diego (1982) 32 Cal.3d 180, 187 [185 Cal.Rptr. 260, 649 P.2d 902]....)" (Committee of Seven Thousand v. Superior Court (1988) 45 Cal.3d 491, 501, 247 Cal.Rptr. 362, 754 P.2d 708.) "Because the statutory language is generally the most reliable indicator of legislative intent, we first examine the words themselves, giving them their usual and ordinary meaning and construing them in context. (People v. Laurence (2000) 24 Cal.4th 219, 230, 99 Cal.Rptr.2d 570, 6 P.3d 228....) When statutory language is clear and unambiguous, `"there is no need for construction and courts should not indulge in it."' (People v. Benson (1998) 18 Cal.4th 24, 30 [74 Cal.Rptr.2d 294, 954 P.2d 557] ..., quoting People v. Overstreet (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288]....)" (Esberg v. Union Oil Co. (2002) 28 Cal.4th 262, 268, 121 Cal.Rptr.2d 203, 47 P.3d 1069.) A court "may not rewrite the statute to conform to an assumed intention which does not appear from its language." (People v. One WW Ford V-8 Coupe (1950) 36 Cal.2d 471, 475, 224 P.2d 677.) "We may not, under the guise of [statutory] construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used." (California Fed. Savings & Loan Assn. v. City of Los Angeles (1995) 11 Cal.4th 342, 349, 45 Cal.Rptr.2d 279, 902 P.2d 297.) "The ordinary principles of statutory construction govern our interpretation of the Rules of Court. [Citations.]" (Alan v. American Honda Motor Co., Inc. (2007) 40 Cal.4th 894, 902, 55 Cal.Rptr.3d 534, 152 P.3d 1109.)
We see nothing in the language of section 726, subdivision (c), requiring an oral pronouncement. It states that "the order shall specify." The comparisons to section 702 and adult sentencing law are not persuasive because there are differences in the applicable statutory language.
Section 702, unlike section 726, explicitly requires a declaration. Section 702 states: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." (Italics added.) In In re Manzy W. (1997) 14 Cal.4th 1199, 60 Cal.Rptr.2d 889, 930 P.2d 1255, based upon the plain statutory language and its prior decisions, the California Supreme Court determined that section 702 required an express oral declaration and it rejected the argument the lower court's imposition of a felony-length maximum period of confinement constituted an implied declaration under section 702.[6](Id at pp. 1207-1209, 60 Cal.Rptr.2d 889, 930 P.2d 1255.)
*388 The Supreme Court stated in Manzy, supra, 14 Cal.4th 1199, 1204, 60 Cal. Rptr.2d 889, 930 P.2d 1255: "What is not at issue is what the juvenile court must do. The language of the provision is unambiguous. It requires an explicit declaration by the juvenile court whether an offense. would be a felony or misdemeanor in the case of an adult. (Webster's New Internat. Diet. (3d ed.1961) at p. 586 [defining `declare' as `to make known publicly, formally, or explicitly' `to state emphatically']....)" It noted that it had already decided in In re Kenneth H. (1983) 33 Cal.3d 616, 189 Cal.Rptr. 867, 659 P.2d 1156 that "neither the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony. (In re Kenneth H., supra, 33 Cal.3d at pp. 619-620 [189 Cal.Rptr. 867, 659 P.2d 1156].)" (Id. at p. 1208, 60 Cal. Rptr.2d 889, 930 P.2d 1255.) As noted above, section 726, subdivision (c), does not use the word "declare."
The language of rule 5.790(a) and rule 5.795(a), which implements section 702, is also different than the language of rule 5.795(b), which concerns the maximum period of confinement within the meaning of section 726. Rule 5.790(a) states: "At the disposition hearing: [¶] (1) If the court has not previously considered whether any offense is a misdemeanor or felony, the court must do so at this time and state its finding on the record. If the offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and must expressly declare on the record that it has made such consideration and must state its finding as to whether the offense is a misdemeanor or a felony." (Italics added.) Rule 5.795(a) states: "... If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration and must state its determination as to whether the offense is a misdemeanor or a felony." (Italics added.)
Rule 5.795(b) contains no similar requirement of oral declaration with respect to the maximum period of confinement. Rule 5.795(b) mandates, with regard to an order removing a ward from a parent's or guardian's physical custody, that a court "specify and note in the minutes the maximum period of confinement under section 726."
The requirement of oral pronouncement of judgment in adult criminal prosecutions also derives from statutory language dissimilar to section 726, subdivision (c). Under the Penal Code, "[i]n a criminal case, judgment is rendered when the trial court orally pronounces sentence. ([Pen.Code,] §§ 1191 and 1202; People v. Mesa (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337] ...; People v. Thomas (1959) 52 Cal.2d 521, 529, fn. 3 [342 P.2d 889]....)" (People v. Karaman (1992) 4 Cal.4th 335, 344, fn. 9, 14 Cal.Rptr.2d 801, 842 P.2d 100; see Pen.Code, §§ 1191 ["In a felony case, after a plea, finding, or verdict of guilty, or after a finding or verdict against the defendant on a plea of a former conviction or acquittal, or once in jeopardy, the court shall appoint a time for pronouncing judgment"]; 1193 [In general, a defendant must be "personally present when judgment [of felony conviction] is pronounced"]; 1202 ["If no sufficient cause is alleged or appears to the court at the time fixed for pronouncing judgment ... why *389 judgment should not be pronounced, it shall thereupon be rendered"]; cf. Pen. Code, § 1207 ["When judgment upon a conviction is rendered, the clerk, or if there is no clerk, the judge, must enter the same in the minutes"].) Also, there is no analogue in section 726, subdivision (c), to the language in Penal Code section 1170, subdivisions (b) and (c), which requires superior courts to state reasons for selection of the upper term and sentencing choices on the record at the time of adult sentencing.
A requirement that a court orally declare the maximum period of confinement is not supported by a reasonable interpretation of section 726 or rule 5.795(b).

D. Maximum Period of Confinement Based upon the Facts and Circumstances

Minor argues that the juvenile court failed to exercise its discretion under section 731, subdivision (c) (formerly subdivision (b)), to set the maximum period of confinement less than the adult maximum term of imprisonment. He asks this court to remand the matter for a proper exercise of discretion.
In this case, the juvenile court committed minor to the Division of Juvenile Justice more than three years after the 2003 amendment of section 731. The court completed Judicial Council Form JV-732 (revised January 1, 2006). As stated above, the form specified the term for each offense and enhancement and separately stated that the "maximum period of confinement" was 10 years and two months. Obviously, concern that juvenile courts might not be exercising their discretion to set the maximum period of confinement based upon the facts and circumstances would be directly addressed if the Judicial Council form was revised to specify that the maximum period of confinement was based upon the facts and circumstances.
In order to conclude that the court failed to set "the maximum term of physical confinement ... based upon the facts and circumstances of the matter or matters" pursuant to section 731, subdivision (c), we would have to ignore a cardinal principle of appellate review. "`A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (Denham v. Superior Court. (1970) 2 Cal.3d 557, 564, 86 Cal.Rptr. 65, 468 P.2d 193.) "[A] party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error. (See Denham v. Superior Court (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]....)" (People v. Garza (2005) 35 Cal.4th 866, 881, 28 Cal.Rptr.3d 335, 111 P.3d 310.) These principles of review are consistent with the presumption that "official duty has been regularly performed" (Evid.Code, § 664). Generally, "where a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order. (See, e.g., People v. Henson (1991) 231 Cal. App.3d 172, 182 [282 Cal.Rptr. 222] . . . [presuming on a silent record that the trial court properly exercised its discretion in imposing AIDS education as a condition of probation].)" (People v. Stowell (2003) 31 Cal.4th 1107, 1114-1115, 6 Cal.Rptr.3d 723, 79 P.3d 1030.) We respectfully disagree with In re Jacob J., supra, 130 Cal.App.4th 429, 30 Cal.Rptr.3d 255 insofar as it implies that courts should suspend the well established principles of appellate review *390 when considering a claim that a court failed to consider the facts and circumstances when stating the maximum period of confinement in its order of commitment to the DJJ.
Despite our conclusion, however, we shall remand the matter under the peculiar circumstances of this case. The Attorney General acknowledges that the juvenile court made a number of errors in calculating the upper limit of the maximum period of confinement, which cannot exceed "the maximum period of imprisonment that could be imposed upon an adult convicted of the offense or offenses that brought or continued the minor under the jurisdiction of the juvenile court." (§ 731, subd. (c).) Although a court may "aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602" (§ 726, subd. (c)), the Attorney General indicates that the court improperly added a consecutive two month term for a violation of Penal Code section 415 adjudicated in a previously sustained petition, that "had evidently been dismissed." While the probation report filed August 2, 2006 states that probation was terminated on December 25, 2005, .the limited appellate record does not clearly establish that the juvenile court terminated its jurisdiction. (See §§ 607, subd. (a) ["The court may retain jurisdiction over any person who is found to be a ward ... of the juvenile court until the ward ... attains the age of 21 years"]; 782 ["A judge of the juvenile court in which a petition was filed, at any time before the minor reaches the age of 21 years, may dismiss the petition ... if the court finds that the interests of justice and the welfare of the minor require such dismissal, or if it finds that the minor is not in need of treatment or rehabilitation"]); see also §§ 726 ["This section does not limit the power of the court to retain jurisdiction over a minor and to make appropriate orders pursuant to Section 727 for the period permitted by Section 607"]; 727 ["When a minor is adjudged a ward of the court on the ground that he or she is a person described by Section ... 602 the court may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the minor, including medical treatment, subject to further order of the court"]; 775 ["Any order made by the court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper"].)
In addition, the Attorney General indicates that the maximum term of imprisonment for the first assault and gang enhancement was a total of eight years, consisting of a four-year upper base term for the assault (see Pen.Code, §§ 245, subd. (a)) and a consecutive four-year upper term for the gang enhancement (see Pen.Code, § 186.22, subd. (b)(1)(A)).[7] In *391 its DJJ commitment order, the court specified a nine year term for the principle assault and gang enhancement.[8]
The order of commitment is reversed. Upon remand, the court is directed to correct errors in calculating the adult maximum term of imprisonment and to set the maximum period of confinement, based upon the facts and circumstances of the matter or matters that brought the ward under the jurisdiction of the juvenile court, for a period no greater than the adult maximum term of imprisonment. The court shall complete an amended Commitment to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice form (JV-732).
WE CONCUR: RUSHING, P.J., and PREMO, J.
NOTES
[1] All further statutory references are to the Welfare and Institutions Code unless otherwise provided.
[2] The punishment for a violation of Penal Code section 415 is "imprisonment in the county jail for a period of not more than 90 days, a fine of not more than four hundred dollars ($400), or both such imprisonment and fine...." (Pen.Code, § 415.) Under section 726, subordinate misdemeanor terms are calculated as one-third of the maximum term for such offenses. (In re Eric J. (1979) 25 Cal.3d 522, 536-538, 159 Cal.Rptr. 317, 601 P.2d 549; In re Claude J. (1990) 217 Cal. App.3d 760, 765, 266 Cal.Rptr. 99 ["full, consecutive misdemeanor terms may not be imposed in juvenile cases"].) It is not clear how the juvenile court arrived at a two-month consecutive term for the Penal Code section 415 violation.
[3] As has been observed by the California Supreme Court, "[n]o conforming change was made in section 726" to reflect that paragraph (2) of subdivision (a) of section 1170 of the Penal Code was "redesignated subdivision (a)(3) of Penal Code section 1170. (Stats. 1995, ch. 49, § 1, p. 124.)" (In re Eddie M. (2003) 31 Cal.4th 480, 489, fn. 4, 3 Cal. Rptr.3d 119, 73 P.3d 1115.)
[4] All further rule references are references to the California Rules of Court.
[5] Former subdivision (b) of section 731 was redesignated as subdivision (c) in a recent legislative amendment. (Stats.2007, ch. 257, § 2, p. ___, eff.Sept.29, 2007.) For the sake of clarity, we will refer to the current version.
[6] Nevertheless, the Supreme Court rejected the contention that a remand was automatic whenever a juvenile court failed to make a formal declaration under section 702. (Id. at p. 1209, 60 Cal.Rptr.2d 889, 930 P.2d 1255.) It stated that "the record in a given case may show that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler" and "[i]n such case, when remand would be merely redundant, failure to comply with the statute would amount to harmless error." (Ibid.)
[7] Penal Code section 186.22, subdivision (b)(1), provides in relevant part: "[A]ny person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows: [¶] (A) Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion. [¶] (B) If the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years. [¶] (C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years." As the Supreme Court has noted, a gang enhancement under Penal Code section 186.22, subdivision (b)(1), may add two, three, four, five or 10 years in prison to a defendant's sentence for a Penal Code section 245, subdivision (a), assault, depending upon the type of assault. (Robert L. v. Superior Court (2003) 30 Cal.4th 894, 908, fn. 19, 135 Cal.Rptr.2d 30, 69 P.3d 951.) Minor did not admit that either assault was a serious felony. (See Pen.Code, § 1192.7, subd. (c)(8) ["any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice"].)
[8] The Attorney General also states that the maximum term of imprisonment for the second assault and gang enhancement was two years consisting of a consecutive one year subordinate term (one-third the midterm of three years) (see Pen.Code, §§ 245, subd. (a), 1170.1, subd. (a)) plus a consecutive one-year enhancement term (one-third the midterm of three years) (see Pen.Code, § 186.22, 1170.1). The juvenile court specified one year for that assault and gang enhancement in its commitment order.